## No. 10,035.

### A. P. MOORE ET AL. VS. F. M. WARTELLE ET AL.

In the absence of proof that an act of sale, under private signature, attacked by forced heirs, as designed to serve as a disguised donation—was such in the intendment of the parties, the court will not pass upon the sufficiency of the act *sous seign privé,* as trans-lative of the property.

The sales of immovable property made by parents to their children may be attacked by the forced heirs as containing a donation in disguise, if the latter can prove that no price was paid, or that the price was below *one-fourth* of the real value of the immovable sold, at the time of sale.  R. C. C. 2444.

The law does not favor actions by forced heirs to undo transactions of their ancestors as done in fraud of their rights.  The burden is upon them, and, in the absence of con-vincing proof, and in the presence of evidence which merely cast a suspicion, the court will not take the property of one man to give it to another.  (Act of 1884 not applicable here.)  The law does not, in proper cases, leave the heirs without relief.

If it be true that forced heirs can be likened to creditors, and may resort to the revocatory action, their right to sue would be barred by *one* year from the death of the parent.

A partition cannot be ordered of property which cannot be described, so as to give bidders an exact knowledge of what is to be offered for sale.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth,* J.

*Lewis & Bro.,* for Plaintiffs and Appellants.

*Kenneth & Baillio* and *John N. Ogden,* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J.　This suit has a double object: *First,* to *annul* a transfer of real estate made by plaintiffs' grandmother to the defendants, their uncles, on the ground of defect of form, of simulation or fraud; and *second,* to compel the latter to account for certain movable property of the deceased, which they unlawfully retain in their possession.

The nullity of the transfer is sought, *because* the transfer, in the form of a *sale,* was intended as a disguised donation, and was made under private signature; *because* the conveyance was made without any real or valid consideration, and *because* it was made with the fraudulent design of depriving the plaintiffs of their *legitime,* as forced heirs of their deceased grandmother.

The defense is substantially a denial of the charges propounded. It avers the validity of the transfer attacked and the fact that the deceased, Mrs. Wartelle, has died leaving no estate susceptible of any partition, save some gas stock.

The defendants, however, reconvened, claiming, in case of eviction, $13,000, for money paid, improvements, etc.

They further plead that the action is barred by prescription.

The trial lasted three weeks, resulting in an accumulation of pleadings and evidence exemplified by a transcript of over eight hundred pages.

After a patient hearing, careful investigation and due consideration, the esteemed district judge, who has passed from among us, and whose character for integrity, industry, perspicacity, correctness and ability is indisputable, gave judgment for the defendants, resting his conclusions on elaborate reasons.

For an appreciation of the merits of the controversy, it is sufficient, nevertheless, to know that the plaintiffs complain that on the 20th of February, 1879, their grandmother, Mrs. Wartelle, made a title, which

they claim is a *donation*, under the form of a sale, to their uncles, the defendants, to the only real estate she owned, for $5400, part cash and part on time, and that neither the cash nor the portion on credit has been paid; or, if any compensation was received, it was below one-fourth of the value of the property at the date of the conveyance, and that the transaction was made for the purpose of giving the defendants an undue preference, and so defraud the plaintiffs of their *reserve*.

The first ground of attack is that the act by which it was donated is under private signature, and thus an absolute nullity, as the law emphatically provides that an act of donation shall, under pain of nullity, be executed before a notary and two witnesses.

The act in question does not purport, *on its face*, to be a donation. It is, on the contrary, in appearance, an act of sale, an onerous contract. The burden was upon the plaintiffs to show that it was designed to be a disguised donation, and was not an onerous contract.

They could have had this court so to declare it only after the foundation had been laid; but as they have failed to do so, and the reverse is shown that the act was intended to operate as a sale, the solution of the question must be eliminated. 2 L. 215.

The second ground relied upon for the nullity is, that the conveyance was made without any real and valid consideration, and with the fraudulent design of depriving the forced heirs of their *legitime*, by a disguised donation encroaching on the same.

The plaintiffs would probably have no standing to ask the nullity, for the law declares that: any disposal of property, whether *inter vivos* or *mortis causa* exceeding the *quantum* of which a person may dispose to the prejudice of the forced heirs, is *not* null, but only reducible to that *quantum*. R. C. C. 1502. But as the defendants do not appear to have made the objection, or if they have, seem to have waived it, by going into the trial on the merits, we must consider the plaintiffs, as in court.

On this subject the law is likewise clear. Art. 2444 R. C. C., emphatically declares, that the sales of immovable property made by parents to their children, may be attacked by the forced heirs as containing a donation in disguise, if the latter can *prove* that no price has been paid, or that the price was below *one-fourth* of the value of the immovable at the time of sale.

It was incumbent on the plaintiffs to have *proved*, either that no price had been paid, or that the price paid, or consideration received, was insufficient, being *less* than one-fourth of the value.

The act of sale is perfect on its face. It is just and translative. It can convey property.

It describes the real estate, specifies the price in cash and on time, acknowledges payment and settlement.

It must stand for what it purports to be until it is set aside. The burden was upon those who attack to "*prove*" that it was made without consideration, or for an insufficient one.

The burden was not, as is contended, on the defendants, to uphold the act assailed. The letter, spirit and construction of the law are in that sense. Laycock vs. Thomson, 13 Ann. 173.

We find, as the district judge did, that there was a consideration, and that the property was not only not worth more than four times the price agreed to and settled, but also that the price stipulated was the actual value of the real estate at the date of sale, viz, $5400, whereof $1400 appears to have been paid, or settled for at the time of sale, and $2000 some short time before the maturity of the notes, while the remaining $2000 were considered to be satisfied by the obligation assumed by the purchasers to provide for their mother's necessities during her life.

There is no reason to doubt that the payments and settlements acknowledged by the deceased to have been made to her, have indeed taken place; but if there was, this would be no reason to set the conveyance aside, for it must stand until the plaintiffs show that no price was paid, or that the price paid was less than *one-fourth* of the actual value.

This court has no concern with what Mrs. Wartelle may have done with any money paid her, for she was the owner of it, and could have disposed of it as she might have thought proper, and there is nothing here to show that she has unduly done so.

The controversy is not on a question of *lesion beyond moiety*. The considerations which Mrs. Wartelle admits to have received and the obligation assumed by the defendants to provide for the wants of their mother during her life, surely constitute more than one-fourth of the value of the property at the date of sale.

The law does not favor actions of this character. It imposes on the complainants the burden of adducing convincing, if not irresistible, proof, to undo the act of their deceased parent; but it may not leave them without some remedy in proper cases, of undue advantage. 13 Ann. 173, 207; 15 Ann. 641; 21 Ann. 367; R. C. C. 1324, 1326.

The law of 1884 (No. 5), to which the plaintiffs refer, was passed

since the occurrence of the facts involved in this controversy, and has, therefore, no bearing on them.

In the case of Carter vs. McManus, 15 Ann. 641, which was an analogous suit, although the evidence adduced created strong suspicion, the court deeming it slight, said, *Land, J*:

"Such evidence is too uncertain to justify the courts in taking an estate from one man and declaring it to be the property of another."

The plaintiffs further insist that, as forced heirs, they are assimilated to creditors and entitled to ask a revocation of the sale which they allege was made for the fraudulent purpose of depriving them of their just rights to the *legitime*, in the succession of their grandmother.

If this were true, the pleaded prescription of one year would bar the claim, not because that time had elapsed between the date of the sale, (February 20, 1879), and that of Mrs. Wartelle's death, (June 14, 1883), but because that delay expired between the death and the bringing of the suit, (July 14, 1884), the time of death being fixed by law as the initial point for the computation of prescription. R. C. C. 1504, 1994, 3527.

There can be no doubt, and there is no dispute on the subject, that the shares or gas stock remains the joint property of the heirs, plaintiff and defendants, and can be sold to effect a partition among them, if they cannot be divided in kind.

It is impossible, under the averments and the proof, to say, so as to be able to describe them as might be necessary for a judicial advertisement, what other effects remain likewise to be divided. The district judge properly reserved the right of any heir to have the stock and the other movable property, whatever it be, sold for division among them.

We find no error either in the reasons, or in the judgment complained of.

Judgment affirmed.

Rehearing refused.