## QUARLES v. QUARLES.

### No. 5553.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

P. E. Brown, of Arcadia, for appellant.

Robt. H. Wimberly, of Arcadia, for appellee.

DREW, Judge.

This is a suit brought by Julia Quarles, an old negro woman, against Wesley Quarles, seeking to set aside the sale to 160 acres of land in Bienville parish, La., alleging that there was no consideration for the sale, and that the transfer had failed for want of consideration.

The plaintiff alleges that she conveyed to defendant the land for a consideration of $500, which the defendant assumed by the agreement to pay certain mortgage notes, identified with a mortgage, which was then of record on the mortgage records of

Bienville parish, and the further consideration of the vendee, Wesley Quarles, to care for the said Julia Quarles for the balance of her natural lifetime.

Plaintiff further alleged that the mortgage notes were paid, by her and not by defendant, and that she made her own living by nursing and caring for the sick in the community, and has made her own way, making it unnecessary for any one to pay her board and lodging, and that she has lived at the home of defendant but a very little since the transfer was made; and that the defendant has made it impossible and has refused to care for plaintiff.

Plaintiff further alleges that the tranfer was in fact and in reality a donation in disguise, prohibited by law; and, further, that the price was not certain, fixed, and determined by the parties as required by the laws of the state of Louisiana.

In the alternative, she alleges that if the court find that any part of the consideration has been paid, then that she is entitled to have the defendant carry out the terms of the contract; and alleges that it is worth not less than the sum of $25 per month for her support, and that the defendant should be required to pay in case the court should find that the defendant is the rightful owner of the land, granting to the defendant the right to recede from the contract.

After various exceptions and pleas, the defendant answered, and denying generally all the allegations of plaintiff's petition, and alleging that the plaintiff signed said deed of her own free will and accord, and that she was his mother, and that she was about to lose the property through foreclosure because she could not make the payments, and to' save the property from seizure and sale, that the plaintiff induced the defendant to assume the indebtedness against the property and pay same in consideration of his mother, he did this, and accepted title to the property; that is, he bought the property from her, assuming the debt due against the property, and agreed to give her a home as long as she lived, and that she has made his home her home whenever she saw fit, since she sold the property to him; and he further alleges that he has paid the $500, together with interest on the sum, and that he is the full and rightful owner of the property.

Defendant further alleged that when his mother brought suit No. 10905, which is a suit prior to the suit herein, which was dismissed on an exception of no cause or right of action, and following which the present suit was brought, and being upon the same issues, the said suit No. 10905 being filed in this record; that when plaintiff brought suit No. 10905, that she was actually living with him at the time, and only moved away at the dictation of one of his brothers and others to try to form a basis for the said suit No. 10905.

Defendant further alleged that he has at all times been willing and anxious to carry out his obligation in the deed, and that his mother left his home after the filing of the suit No. 10905, and that the present suit is but a continuation of the original suit.

Defendant further set up that he paid full value and obligated himself for full value for the property when he purchased same; that if he had not assumed the payment of the debt of $500 with interest, that the property would have been sold at public sale, and lost to his mother; and the property would not have brought sufficient amount to have paid the indebtedness against it, and that she would have lost all the remainder of her property as a result of the property sold to your defendant not bringing sufficient to pay the debt against it. That he has cared for his mother, still cares for her, and admitted that she was old and feeble at the present time, and when he bought the property from her, and she makes her home with him whenever she sees fit, and invites her to continue making his home her home, and that he will care for her as a dutiful son should, and that the reason that she is not now, or was (the plaintiff is now dead), was the fact that his brothers and others had persuaded her to bring this suit, on the theory that this suit might be to their benefit.

The defendant further answered the alternative plea that he could easily support his mother for not exceeding $5 per month in as well and in a manner suitable for a colored woman in her station in life and in the same manner that she had lived for the last forty or fifty years; that he is a farmer and makes his living principally at home, raising the principal part of his foodstuff.

On these issues the case went to trial, and there was judgment in the lower court rejecting the demands of the plaintiff to rescind the sale, and judgment in favor of the plaintiff on the alternative demand ordering the defendant to pay $10 per

month from judicial demand for the support of the plaintiff as long as the plaintiff shall live, granting the defendant, Wesley Quarles, thirty days in which to recede from the contract, and in case Wesley Quarles wished to recede from the contract, that he be reimbursed the sum of $500, upon the return of the property; and ordering the defendant to pay all costs.

From this judgment the plaintiff has appealed; and the defendant has answered the appeal and asked that the plaintiff's demands be rejected in toto; and, in the alternative, that the alternative demand of plaintiff be reduced to a sum of not more than $5 per month, and in case the plaintiff's demands are not rejected in toto, that plaintiff be ordered to pay two-thirds of the costs and the defendant one-third, and the plaintiff be ordered to pay all costs of this appeal.

Since this case was tried below, Julia Quarles died; the date of death being July 29, 1937, and the administrator of her succession has been made party plaintiff in her stead.

The record discloses that Julia Quarles purchased from B. R. Felts on January 14, 1930, the south half of the southeast quarter of section 8, and southwest quarter of the southwest quarter, section 9, and the northwest quarter of northeast quarter, section 17, township 16 north, range 6 west, Bienville parish, La., for a consideration of $600, payable $100 cash, which payment was acknowledged by the vendor, and three notes in the following amounts: $100, due October 1, 1930; $100, due October 1, 1931; $300, due October 1, 1932; all notes bearing 8 per cent. per annum interest from date until paid. To secure the payment of said notes, a vendor's lien and special mortgage was retained against said property.

On January 8, 1931, Julia Quarles transferred by notarial act of sale to Wesley Quarles, her son, the same property described above. The consideration recited in said deed is the assumption by Wesley Quarles of the three mortgage notes held by B. R. Felts, as part of the original purchase price, and as a further consideration, the vendee agreed to care for the mother of vendor on said premises for the balance of her natural life. Julia Quarles made her home with the defendant and was taken care of by him until the latter part of January, 1936, at which time she left the defendant's home and did not reside there any more during her lifetime.

The present suit was instituted soon after she left defendant's home. The consideration expressed in the deed, if paid, was a valued consideration, Moore v. Wartelle, 39 La.Ann. 1067, 3 So. 384, and we are convinced from the testimony that defendant did pay and has canceled the three notes he assumed payment of. It is also shown that he took care of and provided for his mother, the original plaintiff herein, for a full five years; and that she left his home and took up her abode elsewhere of her own volition.

Article 2444 in Revised Civil Code provides as follows: "The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale."

Plaintiff claims the property in question was of a value, at the time of transfer to defendant, of $1,600. Defendant contends he paid full value for the property. It is unnecessary for us to pass upon the value at this time and possibly would be unwise, as that matter could come before the court in an action by the forced heirs of Julia Quarles, now deceased, in an application to have defendant herein collate whenever a partition takes place.

It suffices for this case to assume the value to be that claimed by plaintiff, which is $1,600. We have found that defendant paid the three notes which, with interest, amounted to approximately $600. He took care of his mother, now deceased, for five years. If we should place the value claimed by plaintiff of $25 per month for that service, it would amount to $1,500, making the total consideration paid by defendant, $2,100, which would exceed the value of land as claimed by defendant by $500. If we accept the value of the service as contended for by defendant, of $5 per month, the services were of a value of $300, and we would have a total consideration paid prior to the filing of this suit of $900, or more than half the value of the land as contended for by plaintiff. In either instance, plaintiff could not be granted the relief sought here. Under the article 2444, Revised Civil Code, neither could the forced heirs be granted any relief in this proceeding.

At the time the transfer was made by Julia Quarles to defendant, her first note

against said land was past due and the holder of it demanding payment and threatening foreclosure. She had no funds to make the payments; therefore, the transfer to defendant, who made the payment of this note, and later, of the other two notes. Julia Quarles did not deed all of her property to defendant. She retained a 15-acre tract of land which was unincumbered.

We therefore conclude the prayer of the petition, that the sale be declared null and void and that it do be voided, is without merit, and the decision of the lower court in so holding is correct. The alternative plea and prayer wherein there is a claim for $25 a month for support of Julia Quarles during her lifetime and to cover the period of time since she left defendant's home is the only other question for determination here.

The lower court awarded plaintiff the sum of $10 a month from judicial demand, to be paid by defendant during the life of his mother. Due to the fact that Julia Quarles died July 29, 1937, it is no longer difficult to fix a period the monthly payments shall be made. She left defendant's home the latter part of January, 1936; therefore, she lived away from his home and with no expense to him for the last eighteen months of her life.

We are of the opinion the administrator of her succession should be awarded judgment for the value or cost of taking care of her during that eighteen-month period. If she had remained at defendant's home, he would have been out the cost of maintaining and caring for her during that time. Since she saw fit to live elsewhere, she was entitled to the cost or value of the services defendant did not have to render. He agreed to that consideration and is bound by it. He is not bound for any greater amount than it would have cost him to care for her in his home.

Several witnesses testified as to the cost and value of such service. Those testifying for plaintiff were persons who operated boarding houses for whites in villages or towns, and their testimony is of no value in determining the amount due here. The only witness who testified to an amount necessary to take care of an old negro woman on a farm, was one who had such a charge. He said $5 to $6 per month was sufficient, due to the

standard of living by the average negro on a farm. Defendant estimated the cost to him at approximately $5 per month.

We are convinced the amount of $6 per month was sufficient to maintain Julia Quarles in defendant's home, and would furnish her the same kind of living, including sleeping quarters, food, and a little medicine, as she had been accustomed to have, and as an average negro has on a farm.

We therefore conclude that the administrator is entitled to recovery from defendant the sum of $108, the amount due Julia Quarles at her death for support and maintenance by defendant. It therefore follows that the judgment of the lower court is amended by striking therefrom the award of $10 per month from judicial demand until death, and including therein in its stead, the sum of $108, with interest at the rate of 5 per cent. per annum on $60 from judicial demand until paid; and on the remaining $48 from date of this judgment until paid; and in all other respects, the judgment is affirmed, with costs.

Defendant complains as to the fixing of costs and contends that plaintiff should be forced to pay two-thirds of the costs of this suit, and that he could only be forced to pay one-third. The fact that plaintiff did not recover all sued for does not change the customary rule as to the costs. She recovered a substantial judgment, and defendant should pay the costs.