138 So.2d 613 (1962)
Succession of Mrs. Frances CAZENDECK, Widow by First Marriage of the Late James D. GREGSON, and by Second Marriage Wife of Bazile VIOLA.
No. 334.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1962.
*614 L. Walter Cockfield, New Orleans, for plaintiff and appellee.
Reed, Reed & Reed, Floyd J. Reed, New Orleans, for Edras Gregson Thomsen, James Gregson, Charles Gregson, Borden Gregson, and Anna Viola Bethay, defendants and appellants.
Before McBRIDE, SAMUEL and HALL, JJ.
McBRIDE, Judge.
This is a suit for partition by licitation of Lot 20, Square 798, First District of New Orleans, brought by decedent's husband (they were married in 1923) against her seven children. He alleges that said property belonged to the community of acquets and gains existing between himself and decedent.
Five of the defendants filed answer in which they affirmatively set forth that the said property belonged to decedent in her own paraphernal right and that neither her husband nor the community has any interest therein, and they prayed for a dismissal of the suit.
There was judgment in favor of plaintiff decreeing a partition by licitation; the husband was recognized as owner of an undivided one-half interest in and to the property, and each of the children was *615 recognized as owner in indivision of an undivided one-fourteenth. The five defendants who had answered the suit took this appeal; the other two children have appeared in this court praying that the judgment rendered below be affirmed.
The dispute as to the status of the property makes up the only issue in the case.
The property was acquired by authentic act in decedent's name on November 11, 1940, and no mention is made therein that the wife acquired in her own separate and paraphernal right. The husband signed "to authorize my wife." The deed is in the form of a sale, and the vendor (decedent's mother) conveyed the property to decedent for a stated consideration of $1,800 "liquidated in the manner as will be hereinafter set out":
"Vendor acknowledges having received from the said vendee certain sums of money, which sums of money were paid at various times on a certain mortgage note, made signed and executed on the 11 day of August 1931 in favor of the Surburban Building & L. Ass'n and secured by the property herein described * * * which amounts aggregate the sum of Seven hundred Forty one and 50/100 Dollars and due credit is allowed vendee on account of the purchase price of this sale.
"The vendee * * * assumes the payment of approximately three hundred sixty five dollars, being the balance due on the principal and current interest, as date of this sale on the (said) mortgage note * * *."
"The said vendor has been living with the said vendee for more than thirty years, and does now recognize her obligation to said vendee for the faithful care and attention given her during periods of sickness as well as having been furnished with maintenance and necessities of life during the time above mentioned does hereby acknowledge her indebtedness to the said vendee of a sum in excess of $1200.00 and having no means of liquidating said indebtedness hereby accepts and acknowledges compensation, set off and counter claim of vendee for the unpaid balance of purchase price viz Six Hundred ninety three and 50/100 dollars and grants full acquittance and discharge therefor.

"Cash advanced and paid
account of Mortgage Note $741.50
Balance due on mortgage
note assumed 365.00
Credit against amount due
by vendor as above set out
and allowed by vendor 693.50
 ________
 $1800.00"

Notwithstanding the act appears in the form of a sale which recites a lawful consideration, counsel for appellants take the position that the property was donated to their mother by their grandmother in consideration of and in remuneration for care and services rendered for a period of more than thirty years. Then follows the argument that whereas the property was acquired by donation made to the wife alone, it became her separate property and belongs to her paraphernal estate.
This was no donation. Nothing having been shown to the contrary, it can only be assumed that the expressed consideration was real and actual, and that the transaction is what it purports to be, a sale. LSA-C.C. art. 2439 defines a sale as an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing; in such contract three circumstances must concur, to-wit: the thing sold, the price, and the consent, all of which are present here. The consideration recited is sufficient to support a contract of sale. A pre-existing debt due by the vendor of property to his vendee may constitute consideration. Levert v. Hebert, 51 La.Ann. 222, *616 25 So. 118. An assumption of a mortgage is sufficient consideration. Quarles v. Quarles, La.App., 179 So. 512; Bertucci v. Bertucci, 224 La. 364, 69 So.2d 502. Services rendered, such as cooking meals, cleaning house, washing clothes, etc., in connection with the case of a helpless old person may constitute consideration for a transfer of property. Robinson v. Guedry, La.App., 181 So. 882.
The presumption is that property acquired during the regime of the community of acquets and gains belongs thereto even though the purchase be made in the name of the wife only. LSA-C.C. arts. 2334, 2402. But this presumption may be rebutted by the wife or her heirs by establishing dehors the act their pretensions that the property is hers for having been purchased with her own separate funds under her separate administration and that it was an investment of the funds for her paraphernal account. One claiming that the property does not belong to the community carries the burden of proof. LSA-C.C. art. 2405; Coney v. Coney, 220 La. 473, 56 So.2d 841; Succession of Schnitter, 220 La. 323, 56 So.2d 563; Cameron v. Rowland, 215 La. 177, 40 So.2d 1; Betz v. Riviere, 211 La. 43, 29 So.2d 465; Crutchfield v. Moch, 148 La. 201, 86 So. 744; Garlick v. Dalbey, 147 La. 18, 84 So. 441.
On the trial below the appellants produced no proof whatsoever that the consideration was not constituted of community funds or community assets. Nothing goes to show that the decedent had the management of the property after she acquired it or had adequate revenues from paraphernal property or a sufficient amount of paraphernal funds to take care of the payment of the balance due on the outstanding mortgage which she assumed. See Betz v. Riviere, supra. The property belonged to the community.
Therefore, the judgment appealed from is affirmed.
Affirmed.