AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for personal injuries, medical expenses incurred in the treatment of those injuries, and property damage to an automobile arising out of an accident of November 4, 1961, at the intersection of North Market and North Common Streets in the City of Shreveport.
The accident occurred when defendant’s truck, proceeding south on North Market *396 Street, made a right turn into North Common Street. Materials loaded on the truck slipped off and struck the left side of plaintiffs vehicle, which was headed east on North Common Street and, at the time, stopped awaiting a favorable traffic signal to proceed into the intersection.
The question of liability was not contested. Plaintiff was awarded $750.00 for personal injuries and $6.38 for medical expenses. From this judgment, plaintiff has appealed, seeking an increase in the awards as well as damages to the automobile.
The accident occurred about 8:00 a. m., following which plaintiff drove his car from the scene. He did not seek medical attention until the afternoon, when he saw Dr. Broox C. Garrett. In a written report of January 22, 1962, addressed to plaintiff, Dr. Garrett stated:
“The following is a résumé of your treatment by me following your accident on November 4, 1961.
“When seen by me on November 4, 1961, the complaints were palpitation of the heart, heavy feeling in the left chest, and a numbness in the occipital region of the scalp. The physical examination which I performed at that time revealed your blood pressure to be 140/90 and pulse rate to be approximately 118 per minute. The reflexes were found to be hyperactive, but other than that no abnormalities could be found. Mild sedation and medication for muscle pain was administered. When next seen on November 13, 1961, the complaints were pain in the neck and shoulder of a subjective nature and some slight muscle spasm could be found in the region. No active therapy was thought advisable for this difficulty. When next seen by me on January 16, 1962, the blood pressure was found to be 150/100 and the chief complaint was subjective pain in the left lower arm. A secondary complaint of an uneasy feeling in the right posterior chest was also present. Examination revealed no definite positive physical findings with the exception of some slight muscle spasm in the paravertebral area.
“It is my opinion that you have completely recovered from this accident on November 4, 1961, and that you will have no disability from this.”
In his oral testimony, Dr. Garrett explained that his aforesaid findings of November 4, 1961, evidenced nothing more than that plaintiff had been frightened. It is noted that, as of January 16, 1962, plaintiff had, in the doctor’s opinion, completely recovered and that he thereafter experienced no disability. Dr. Garrett saw plaintiff again on May 16, 1962, with reference to which Dr. Garrett testified plaintiff had some vague complaints of pain.
Dr. Ray E. King, an orthopedist, examined plaintiff on March 13, 1962. Dr. King concluded that plaintiff had suffered a contusion of the left elbow, together with a cervical and upper thoracic sprain. These findings were predicated largely upon plaintiff’s subjective complaints and upon the history given by plaintiff. At the time of his examination, no definite abnormality could be detected. There was full motion in the elbow as well as in the cervical and thoracic spine.
Plaintiff was examined on September 13, 1962, by Dr. Nicholas Gotten of Memphis, Tennessee. His findings were that plaintiff was overweight, his neck was essentially normal, and there was no evidence of muscle spasm. The movement of the neck in all directions was said to have been well performed. The tendon reflexes were normal; there were no pathological reflexes. Plaintiff’s blood pressure was elevated — 160 systolic and 110 diastolic. The doctor was impressed that plaintiff had a recurrent cervical strain which he had originally sustained in an automobile accident of September 27, 1954, when plaintiff’s car was struck from behind. Dr. Gotten was the examining and treating physician of plaintiff for that injury. *397 However, it may be noted the doctor testified there were no findings to support the statement that plaintiff had sustained a recurrent cervical strain.
Dr. Heinz K. Faludi, a neurosurgeon, saw plaintiff for the first time on February 11, 1963. The doctor’s findings were that plaintiff was afflicted with arthritis in his cervical and thoracic spine, for which the doctor prescribed treatment. There was no showing of any causal connection between this condition and the accident of November 4, 1961.
Our conclusion, after considering all the testimony, particularly that of the medical experts, is that plaintiff was not seriously injured and that the award as made is not inadequate.
The only medical expense established to have been incurred as a result of the injuries sustained in the accident and not allowed below was a bill of Dr. Garrett in the sum of $20.00.
The disallowance of damage to the automobile in the sum of $117.66 was, in our opinion, also error. The ruling complained of was predicated upon plaintiff’s testimony that the automobile belonged to Mrs. Britt. The presumption is that property acquired during the regime of a community of acquets and gains belongs thereto, regardless of the name under which the property is acquired. LSA-C.C. Arts. 2334, 2402; Prince v. Hopson, 230 La. 575, 89 So.2d 128; Cameron v. Rowland, 215 La. 177, 40 So.2d 1; Airhart v. Airhart, La. App. 3d Cir., 1963, 153 So.2d 140; Succession of Viola, La.App. 4th Cir., 1962, 138 So.2d 613; Cox v. Caldwell, La.App. 2d Cir., 1940, 197 So. 167.
For the reasons assigned, the judgment appealed is amended by increasing the awards to $894.04 and, as thus amended, is affirmed at defendants-appellees’ cost, including the cost of this appeal.
Amended and affirmed.