340 So.2d 401 (1976)
Victoria Holloway Smith WILLIAMS, Plaintiff-Appellee,
v.
Iley SMITH and Willie Smith, Defendants-Appellants.
No. 13077.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1976.
*402 Campbell & Campbell by L. G. Campbell, Bossier City, for defendant-appellant, Iley Smith.
Piper & Brown by Robert E. Piper, Jr., Shreveport, for defendant-appellant, Willie Smith.
James B. Wells & Associates by James B. Wells, Bossier City, for plaintiff-appellee.
Before PRICE, HALL and JONES, JJ.
HALL, Judge.
Plaintiff, Victoria Smith Williams, sued her former husband Iley Smith and his brother Willie Smith to set aside a purported sale by the husband to the brother of a 13.06 acre tract of land. The district court set aside the sale insofar as it affected plaintiff's community interest in the property, and defendants appealed. We hold that the purported sale was not genuine, was a sham and a simulation, and accordingly affirm.
The tract of land in question was originally part of a larger tract belonging to the heirs of R. T. Smith. By cash deeds dated March 22, 1965, two of the heirs, G. W. Smith and Coutrell Smith, conveyed their interest in the property to Iley Smith, shown as the husband of Victoria Holloway Smith, for recited considerations of $200 cash each. By partition deed recorded August 12, 1969, entered into by all of the members of the Smith family, Iley Smith and his cousin, Sherman Smith, became the owners of a 19.6 acre tract (which included the 13.06 acre tract in question) in the proportions of 2/3 to Iley Smith and 1/3 to Sherman Smith, the latter having previously acquired the interest of another heir. The partition instrument recited the prior acquisition by Iley Smith of the interest of G. W. Smith and Coutrell Smith and the instrument was also signed by Alex Roy Smith, father of defendants, Iley Smith and Willie Smith, as a party thereto. By act of partition between Iley Smith and Sherman Smith recorded November 21, 1969, Iley Smith became the owner of the 13.06 acre tract in question. On the dates of each of these transactions, Iley Smith was married to and living with his wife of many years, plaintiff Victoria Holloway Smith.
In November, 1970, Iley Smith and Victoria Smith separated in fact, but no legal separation was obtained at that time. On May 29, 1971, Iley Smith executed the deed in question in this case by which he purported to convey the 13.06 acre tract to his brother, Willie Smith, for a recited consideration of $250 cash. The evidence establishes that the property at that time was worth over $5,000. The $250 stated consideration was not paid, and Iley Smith, along with other local family members, continued to run cattle on the property. Willie Smith, a resident of Chicago, never took possession *403 of the property. In August, 1971, less than three months after the purported sale, Iley Smith filed suit for and subsequently obtained a legal separation from Victoria Smith. The parties have never entered into a community property settlement. The instant suit to set aside the sale was filed by plaintiff in May, 1974.
Plaintiff testified she was present when her husband bought the interest of G. W. and Coutrell Smith in 1965 and that he paid for those interests with his own money. Defendants attempted to establish that the money for purchase of those interests was put up by Willie Smith, that title was carried in the name of Iley Smith all those years for convenience only, and that the conveyance by Iley Smith to Willie Smith in 1971, after Iley Smith and his wife separated, was done to vest title in the true owner, Willie Smith.
Defendants' evidence consisted of the testimony of the two defendants and their father, a very elderly gentleman. Their testimony contains numerous inconsistencies and discrepancies, casting doubt upon their explanation. Their testimony was that the interests of G. W. and Coutrell Smith were brought in 1948 or 1949 for the benefit of Willie Smith, but the deeds from G. W. Smith and Coutrell Smith to Iley Smith were not executed until 1965. There was no real explanation of why the property was put in the name of Iley Smith. The father testified he bought G. W. Smith's interest in the land but not that of Coutrell Smith. G. W. Smith and the two attorneys who acted as notaries on the 1965 deeds and the 1971 deed were available but were not called as witnesses by defendants. It must be presumed that their testimony would be adverse to defendants.
Defendants' evidence is entirely inadequate to prove that the property was actually bought by Willie Smith and that title was in the name of Iley Smith for convenience only, particularly in the face of the recorded instruments showing acquisition of the property by Iley Smith while married to plaintiff, and possession and management of the property by Iley Smith for many years. Highly suspect is the purported conveyance of the property by Iley Smith to his brother for a stated consideration of less than 1/30 of the value of the property, which consideration was not even paid and which conveyance was made at a time when Iley Smith and plaintiff had separated and shortly before he filed a suit for legal separation. The obvious conclusion is that the purported sale was a sham and a simulation intended, as the trial judge found, to fraudulently deprive plaintiff of her community interest in the property.
A simulated contract is one which has no substance whatsoever. Such a contract may be declared null at any time at the demand of any person in interest. Spiers v. Davidson, 233 La. 239, 96 So.2d 502 (1957). A presumption of simulation may arise when the plaintiff produces facts casting serious doubt on the validity of the transaction. See LSA-C.C. Art. 2480. Once the presumption arises the burden shifts to the defendants to prove the validity of the transaction. Smith v. Smith, 239 La. 688, 119 So.2d 827 (1960); Ingram v. Freeman, 326 So.2d 565 (La.App.3d Cir. 1976), writs denied 329 So.2d 755 (La.1976).
The facts surrounding this particular transaction are sufficient to create the presumption of simulation. Defendants failed to meet their burden of proving the validity of the transaction. The judgment setting the sale aside insofar as it affects the plaintiff's community interest in the property is correct.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.