WILLIAMS, Judge.
This is an appeal from a default judgment which set aside a conveyance of property.
The Thompsons were married in 1961. The marriage was dissolved on October 3, 1980. On July 12,1978, during his marriage to the plaintiff, defendant Thompson conveyed property at 1218-20 Alabo Street in New Orleans to his sister, Pearl Thompson Banks. The property was community property. The plaintiff later discovered that the property had been sold to defendant Banks when she attempted to pay a hundred dollar service tax on the property and was informed of the transfer. Mrs. Thompson then filed suit seeking to have the conveyance of the property set aside because it was fraudulent. The defendants did not respond to the plaintiff’s petition and a default judgment was entered against them on June 25, 1980. The judgment set aside the entire sale by defendant Thompson to his sister and awarded the plaintiff $1,200.00 in attorneys’ fees.
Defendant Thompson has appealed the default judgment asserting that the petition failed to state factual allegations constituting fraud and that no evidence of fraud had been introduced at trial. Defendant Thompson also appeals the award of attorneys’ fees in the absence of a contractual provision or an express statute awarding attorneys’ fees.
La.C.C.Pr. art. 856 states in part: “In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity... . ”
In her petition, the plaintiff asserted that she had been defrauded by Thompson’s sale to his sister and that the sale was “done with the intent ... to deprive her of her rightful interest in the community property.” The petition itself was styled as a “Petition To Set Aside a Fraudulent Conveyance” and throughout the petition allegations of fraud are numerous. The petition is sufficient to meet the requirement that fraud be pleaded specifically. La.C. C.Pr. art. 856. Additionally, the plaintiff *701 incorporated, by reference, the testimony of defendant Thompson, outlined infra, that further supported the allegations of fraud. See Chrysler Credit Corp. v. Henry, 221 So.2d 529 (La.App. 4th Cir. 1969); La.C. C.Pr. art. 853.
The plaintiff introduced at trial the transcript of court proceedings held on August 3, 1979, to determine her entitlement to alimony. Thompson’s testimony at that previous hearing clearly shows that the property in question was acquired during the existence of the community, and, therefore, was community property. La.C.C. art. 2334. Defendant Thompson also testified that: (1) his income in 1978, the year in which the sale occurred, was $400.00; (2) he sometimes received money from his gambling activities, but at that time was “behind”, and (3) he was able to obtain “loans” from friends. Nowhere in his testimony did he ever indicate that he had received any money as a result of the sale, although the act of sale states that $19,180.66 of the $20,000.00 purchase price was paid in cash. In fact, he stated that he still owned the property in question although in fact it already had been sold to his sister.
Although fraud itself is never presumed, see, e.g. Matassa v. Temple, 346 So.2d 803 (La.App. 1st Cir. 1977), it can be proven by presumption.
Article 1848 of the Louisiana Civil Code states:
“Fraud, like every other allegation must be proved by him who alleges it, but it may be proved by simple presumptions or by legal presumptions, as well as by other evidence. The maxim that fraud is not to be presumed, means no more than it is not to be imputed without legal evidence.”
See generally La.C.C. art. 1847.
In Williams v. Smith, 340 So.2d 401 (La.App.2d Cir. 1976), a woman sued her former husband to have a sale of property to his brother declared null on the ground that no money had been paid for the property and the sale, therefore, was a simulated contract. The court outlined the pertinent law as follows:
“A simulated contract is one which has no substance whatsoever. Such a contract may be declared null at any time at the demand of any person in interest. A presumption of simulation may arise when the plaintiff produces facts casting serious doubt on the validity of the transaction. Once the presumption arises the burden shifts to the defendants to prove the validity of the transaction.”
Id. at 403 (citations omitted). See Auger v. Auger, 381 So.2d 879 (La.App.2d Cir. 1980).
As the court in Williams found, we also find that the facts surrounding Thompson’s sale to his sister are sufficient to create the presumption of simulation.[1]
Defendant Thompson testified under oath that his only income in 1978, the year that the sale supposedly occurred, was $400, and money obtained from borrowing and gambling; he did not testify that he received income from any sale of property. Furthermore, he stated that he owned the property although he had sold it to his sister.
The trial court declared the entire sale to be null and void. The sale should be set aside, however, only insofar as it affects the plaintiff’s community interest in the property. Williams, supra at 403.
The plaintiff requested and the trial court awarded attorneys’ fees in the amount of $1,200.00. The law is clear that absent a specific statute or a contractural provision to that effect, attorneys’ fees will not be awarded. E.g. Killebrew v. Abbott Laboratories, 359 So.2d 1275, 1278 (La. 1978). Because neither of these situations are present here, the trial court’s award of $1,200.00 for attorneys’ fees is reversed.
For the foregoing reasons, the judgment of the trial court is affirmed and amended insofar as it sets aside that portion of the *702 sale that affects the plaintiff’s community-interest in the property, and amended in part and reversed in part, insofar as it awards attorneys’ fees to the plaintiff.
AMENDED AND AFFIRMED IN PART AND REVERSED IN PART.

. We note that under the law as it existed at the time of the sale, Thompson did have a right to alienate community property without his wife’s consent absent a showing that the sale was simulated. La.Civ.C. art. 2404 (repealed) (1979). See e.g. Mitchell v. Commissioner of Int. Rev., 430 F.2d 1 (5th Cir. 1970); Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956).