# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1550

**ANITA HUTSEN AND CHRIS BONNER**

**VERSUS**

**TOMMIE LEA DAVIS**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## THIRTIETH JUDICIAL DISTRICT COURT
## PARISH OF VERNON, DOCKET NO. 73,841-B
## HONORABLE JOHN C. FORD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**GENOVESE, J., dissents and assigns reasons.**

                                                        **AFFIRMED.**

Tony C. Tillman
501 South Fourth Street
Post Office Drawer 648
Leesville, Louisiana 71496-0648
(337) 239-7983
COUNSEL FOR PLAINTIFFS/APPELLANTS:
        Anita Hutsen and Chris Bonner

James R. Mitchell
607 South Fifth Street
Leesville, Louisiana 71446
(337) 239-6709
COUNSEL FOR DEFENDANT/APPELLEE:
        Tommie Lea Davis

**SAUNDERS, Judge.**

Plaintiffs, Anita Hutsen and Chris Bonner, appeal the judgment of the trial court dismissing their claim that the purported Cash Warranty Deed from their deceased father to the Defendant, Tommie Lea Davis, was a sham. For the following reasons, we affirm the judgment of the trial court.

### FACTS

On January 21, 2005, Plaintiffs filed a Petition for Recision of Sale against Ms. Davis seeking to annul a Cash Warranty Deed which was executed by Plaintiffs' father, Eddie L. Bonner, on November 19, 2004. The Cash Warranty Deed recited that Mr. Bonner sold to Ms. Davis twenty acres of immovable property located in Vernon Parish, Louisiana, for the sum of $10,000.00. Mr. Bonner died five days later on November 24, 2004; however, said deed was not filed into the conveyance records of Vernon Parish until November 29, 2004, five days after Mr. Bonner's death.

Plaintiffs' petition declared that "the Cash Warranty Deed is a sham and . . . no consideration whatsoever was paid"; therefore, "the sale is a nullity and should be rescinded and set aside and the property returned to the Estate of Eddie L. Bonner."

A trial in this matter was held on April 4, 2007, after which the trial court took the matter under advisement, and the parties were allowed to submit post-trial memoranda. On August 30, 2007, the trial court issued written reasons for judgment ruling in favor of Ms. Davis, stating: "In this case, the preponderance of the evidence shows it is more probable than not there was a meeting of the minds on the thing, the price[,] and the consent to transfer ownership." A judgment dismissing Plaintiffs' claim was signed on September 20, 2007. Plaintiffs appeal, asserting two assignments of error.

## ASSIGNMENTS OF ERROR

1. The trial court erred in failing to conclude that an absolutely null simulation existed.

2. The trial court erred in failing to require Ms. Davis to bear the burden of proof to establish the validity of the simulation.

## ASSIGNMENT OF ERROR #1

Plaintiffs first argue that the trial court erred in failing to conclude that an absolutely null simulation existed. We disagree.

In *Blalock v. Lord*, 05-939 (La.App. 3 Cir. 2/1/06), 927 So.2d 1142, *writ denied*, 06-1624 (La. 9/26/06), 937 So.2d 847, this court set forth the standard of review applicable to this case. There, we stated:

> The standard of review governing our consideration of issues of fact is well settled. An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and meet the following two-part test: (1) find that a reasonable factual basis does not exist for the finding and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). On review, an appellate court must be cautious not to reweigh the evidence or to substitute its own factual findings just because it would have decided the case differently. *Ambrose v. New Orleans Police Dep't Ambulance Serv.*, 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216.

*Id.* at 1150.

"Sale is a contract whereby a person transfers ownership of a thing to another for a price in money. The thing, the price, and the consent of the parties are requirements for perfection of a sale." La.Civ.Code art. 2439.

> A simulated contract is one which has no substance whatsoever. Such a contract may be declared null at any time at the demand of any person in interest. A presumption of simulation may arise when the

plaintiff produces facts casting serious doubts on the validity of the transaction. Once the presumption arises the burden shifts to the defendants to prove the validity of the transaction.

*Richard v. Thompson*, 411 So.2d 699, 701 (La.App. 4 Cir. 1982) (citing *Williams v. Smith*, 340 So.2d 401, 403 (La.App. 2 Cir. 1976) (citations omitted)). However, as the supreme court made clear more than 150 years ago, "[t]he payment of a price for a thing sold, less than that stated in the act of sale, *does not* make a simulated sale." *Keller v. Blanchard*, 19 La.Ann. 53, 54 (La.1867) (emphasis added). Furthermore, "[s]ervices rendered, such as cooking meals, cleaning house, washing clothes, etc. . . . . may constitute consideration for a transfer of property." *Succession of Viola*, 138 So.2d 613, 616 (La.App. 4 Cir. 1962); *see also Robinson v. Guedry*, 181 So. 882 (La.App. Orleans 1938). Thus, unless Ms. Davis clearly failed to pay such price or perform such services as needed to compel the trial court to deem the transaction at issue here to be a simulation, we must not overturn its decision as manifestly in error or clearly wrong.

Ms. Davis argues that the monetary assistance and personal services which she rendered to the decedent prior to his death constitute consideration sufficient to defeat Plaintiffs' assertion that the transfer of immovable property was clearly a simulated sale. We agree. Here, Ms. Davis testified that, over the course of the ten years prior to the death of the decedent, she habitually provided the decedent with personal services in that she bought him cigarettes, allowed him to live in her home, and occasionally paid his bills. Furthermore, the record indicates that on at least one occasion Ms. Davis provided the decedent with $400.00, which he then deposited into his account with Sabine State Bank. Ms. Davis testified that that monetary transfer was only one of several between her and the decedent, but she went on to explain that

3

her lack of documentation evidencing such additional transfers is due to her records being destroyed in a fire. Taking the record in its entirety, it is clear that Ms. Davis not only paid the decedent a price in money of at least $400.00, but also rendered personal services to the decedent in the form of buying him cigarettes, allowing him to live in her home, and occasionally paying his bills. In light of such evidence, we are loathe to disturb as clearly wrong the trial court's determination that the property transfer at issue here was not a simulation. Thus, we find this assignment of error to be without merit.

## ASSIGNMENT OF ERROR #2

Plaintiffs next contend that the trial court committed error in failing to require Ms. Davis to bear the burden of proof to establish the validity of the simulation. We disagree. As discussed above, such burden shifting is only called for once the presumption of a simulation is established by the plaintiff. *Richard*, 411 So.2d 699. Because we have already held that the trial court was justified in holding that Plaintiffs did not establish the transfer of property at issue here to be a simulation, this argument is moot and need not be addressed. As such, this assignment of error is without merit.

## CONCLUSION

For the above stated reasons, we affirm the decision of the trial court in its entirety. Costs are taxed to Plaintiffs.

**AFFIRMED.**

4

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 07-1550

**ANITA HUTSEN AND CHRIS BONNER**

**VERSUS**

**TOMMIE LEA DAVIS**

**GENOVESE, J., dissents and assigns the following reasons.**

The evidence is insufficient to prove that consideration was given for the transfer of the property at issue herein.

> "Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination." *Rosell*, 549 So.2d at 844-45.

*Blalock v. Lord*, 05-939, pp. 12-13 (La.App. 3 Cir. 2/1/06), 927 So.2d 1142, 1150, *writ denied*, 06-1624 (La. 9/26/06), 937 So.2d 847.

While I do not disagree with the majority that services and monetary assistance can be deemed sufficient consideration, I do disagree with the majority's determination that said services and monetary assistance were proven to have been provided to Mr. Bonner by Ms. Davis.

I find Ms. Davis's evidence insufficient and her testimony self-serving and suspect. The trial court was manifestly erroneous and clearly wrong in upholding the purported sale in question. The majority also errs in not finding that Ms. Davis's story was "so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit [her] story." *Id.* Therefore, I respectfully dissent and would

reverse the judgment in favor of Ms. Davis and render judgment in favor of the Plaintiffs, rescinding and nullifying the Cash Warranty Deed at issue herein.