CULPEPPER, Judge.
The plaintiffs, owners of farm land, filed this suit against the defendants, who leased the land in 1976, to enjoin the defendants from continuing to farm the property in 1977. The defendants contend their 1976 oral lease was reeonducted for the year 1977. At the beginning of the hearing on the preliminary injunction, the parties stipulated that defendants had a lease for 1977 to raise rice on Tracts 1, 2, 3 and 4, comprising approximately 135 acres, leaving for trial only the issue of whether defendants had a lease for 1977 on Tract No. 5, comprising approximately 100 acres, to raise either rice or soybeans. After the hearing on the preliminary injunction, the trial judge held that the oral lease for 1976 was reconducted for the crop year 1977, and that under that lease defendants had the right to use as much of plaintiffs’ land as defendants desired to raise rice, including the 100 acres in question, but that since the 1976 lease was for rice only, defendants could plant only rice and not soybeans. From a judgment rejecting plaintiffs’ demand for a preliminary injunction, plaintiffs appealed.
The substantial issue is whether the 1976 lease was reconducted for the year 1977.
The facts are that beginning in the year 1967 and until the year 1974, plaintiffs orally leased their farm, on a share crop basis, to Mr. Steve Duplechain. In 1975 and 1976, the lease , was jointly to Steve Duplechain and his son, Ronald Duplechain. In 1975, the lessees raised rice and soybeans. However, in 1976 the lease was for the purpose of raising rice only, and lessees were per *78 mitted to choose the tracts which they desired to plant in rice, totaling 118 acres. In 1976, plaintiffs leased the remaining portions of their farm to Heard LeJeune for the purpose of raising soybeans.
After defendants harvested their 1976 rice crop, during the latter part of November or the first part of December, Ronald Duplechain met with Lane Cappel, the farm manager for the owners, concerning the lease for 1977. At that meeting it was agreed that the defendants would plant 134 acres of rice in 1977 on the tracts designated as 1, 2, 3 and 4. Following this agreement with defendants as to the rice, plaintiffs leased the remainder of the farm to Mr. LeJeune to raise soybeans in 1977.
In January of 1977, the Duplechains requested from plaintiffs additional land on which to plant soybeans. Plaintiffs advised defendants that they had already leased to LeJeune to plant soybeans in 1977 all of the land except the 135 acres, Tracts 1, 2, 3 and 4, which had been previously leased to defendants for rice.
In early February of 1977, Ronald Duple-chain again requested plaintiffs to lease to him additional land for soybeans, and he was again refused since plaintiffs had already leased all of the soybean land to LeJeune. Nevertheless, about one week later, Ronald Duplechain started plowing the field of approximately 100 acres, designated as Tract 5, which was in addition to the 135 acres of rice previously agreed upon. Plaintiffs demanded that the Duplechains cease operations on the 100-acre tract. When defendants refused, plaintiffs filed the present suit on February 23, 1977 and obtained a temporary restraining order on that date.
At the hearing on March 3, 1977 for a preliminary injunction, the parties stipulated that defendants had a lease for 1977 to raise rice on Tracts 1, 2, 3 and 4, totaling approximately 135 acres. On that date, a preliminary injunction issued enjoining defendants from conducting farming operations on any of the remainder of the farm, except that defendants’ right to farm Tract 5, the 100 acres in dispute was upheld.
The hearing on plaintiffs’ rule for a preliminary injunction as to Tract 5, the 100 acres in dispute, was held on April 28, 1977. On May 2, 1977, the trial judge rendered written reasons in which he held (1) that defendants’ 1976 lease was reconducted for the year 1977 for the planting of rice only and not soybeans; (2) “that both parties did not by mutual consent alter the existing rice lease so as to limit lessee to the land contained in Tracts 1, 2, 3 and 4, or to otherwise renegotiate the reconducted lease”; (3) that the defendants-lessees led the plaintiffs-lessors to understand that defendants would plant only Tracts 1, 2, 3 and 4 in rice in 1977, and that lessors acted reasonably in leasing the balance of the land to LeJeune for soybeans; (4) that since the defendants-lessees had a rice lease in 1976, “it was the primary lease to plant as much rice each year as was feasible”; (5) that the defendants-lessees would, by their actions, have been estopped to plant any land beyond Tracts 1, 2, 3 and 4, but, since plaintiffs have not pleaded estoppel, they cannot rely on this doctrine.
Judgment was rendered on May 5, 1977 denying plaintiffs a preliminary injunction as to Tract 5, the 100 acres in dispute, and decreeing that the defendants-lessees had a right to plant Tract 5 in rice for the year 1977, in addition to Tracts 1, 2, 3 and 4.
The principal issue is whether defendants’ verbal lease for 1976 was recon-ducted for 1977. LSA-C.C. Articles 2684, 2687, 2688 and 2691 contain the pertinent provisions regarding leases and their recon-duction. Article 2684 makes it clear that the duration and conditions of leases are generally regulated by the agreement between the parties. Article 2688 provides for reconduction, where there has been no new agreement, and states that if the farmer continues in possession of the leased estate for one month after the lease expires, without any step being taken by the lessor to cause him to deliver up possession of the estate, the former lease shall continue “subject to the same clauses and conditions which it contained.” Article 2691 provides that although the tenant has continued in *79 possession, there can be no reeonduction where he has been given timely notice that the lease will not be continued. In Eames v. Goodwin, 337 So.2d 909 (La.App. 3rd Cir. 1976), we construed these articles as follows:
Tacit reeonduction has no application when either party has announced his intention not to renew the lease on the same terms or for a full year. Tacit reeonduction does not apply when one party has announced his intention to terminate the lease. It is not to be used to force a contract upon parties unwilling to contract, but merely to establish a rule of evidence, or a presumption, as to their intention when a contrary intent has not been expressed.
There is no dispute that the 1976 lease in the present case terminated when the crop was harvested in late November or early December of 1976. There is also no dispute that at that time plaintiffs and defendants made a new agreement for 1977 that 134 acres would be planted in rice, instead of 118 acres as in 1976, and also that different tracts be planted in rice than in 1976. Of particular importance is the fact that there was no express agreement that in addition to the 118 acres planted in rice in 1976, the defendants could plant the disputed 100-acre tract in 1977. These essential facts were found by the trial judge in his written reasons and are clearly supported by the evidence.
We cannot agree with the trial judge that under these facts there was a reeonduction of the 1976 lease. Even accepting defendants’ own testimony and the findings of fact by the trial judge, it is clear a new lease agreement was made between plaintiffs and defendants during late November or early December of 1976 that in 1977 the lessees would plant 135 different acres in rice. This was a new lease agreement. There was no reeonduction of the same lease agreement as existed in 1976.
The defendants-appellees have not filed an appellate brief. However, we understand from their testimony they contend that under the 1976 lease, as well as the oral leases for previous years, they had the right to plant whatever crops they wanted wherever they wanted and that this lease continued for the year 1977. This contention has no merit. In the first place, as the trial judge held, the 1976 lease was for rice only. Furthermore, the evidence is clear that defendants did not have the right to plant where they wanted each year. Instead, the landowners and the defendants-lessees agreed each year, including 1976, as to what tracts would be planted in rice or soybeans. Of course, a further reason for rejection of this contention by defendants is that, for the reasons stated above, we find there was a new lease agreement between the parties for 1977 before the 1976 lease became reconducted by continued possession by the lessees.
During oral argument of this case in our Court, we requested that counsel for plaintiffs file a supplemental brief on the issue of whether these proceedings are now moot, since the 1977 crop year is now ended. In a supplemental brief, plaintiffs point out that in their original petition to enjoin the defendants from remaining in possession of the property during 1977, they also prayed for damages in the sum of $5,000 caused by defendants trespassing on the land. Plaintiffs state that, as shown by the record, they may be subject to a claim by Heard LeJeune, for damages for plaintiffs’ failure to deliver to LeJeune possession of the disputed 100 acres for the purpose of growing soybeans during 1977. For these reasons, we agree with plaintiffs that this case is not moot.
Of course, since the trial judge rejected plaintiffs’ demand for an injunction against defendants and held that defendants were entitled to possession of the disputed 100 acres, the issue of damages was not reached in the district court. Therefore, this case must be remanded to the district court for trial of the issue of any damages suffered by plaintiffs as a result of defendants wrongfully farming the disputed 100-acre tract during 1977.
Of course, we cannot grant plaintiffs’ demand for an injunction restraining the de *80 fendants from farming the disputed 100 acres during 1977, because that year has already expired. However, we can conclude, contrary to the district court, that defendants had no right to farm the disputed 100 acres during 1977, and that plaintiffs are entitled to any damages caused by defendants wrongfully farming the 100 acres.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of plaintiffs and against defendants recognizing that the 1976 lease was not reconducted for 1977, and that defendants had no right to raise rice or any other crop on the disputed 100 acres during the year 1977. This case is remanded to the district court for trial of the issue of damages prayed for in plaintiffs’ original petition, in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants-appellees. Costs in the trial court must be assessed after a final judgment there.
REVERSED AND REMANDED.