CULPEPPER, Judge.
This is a suit for breach of contract. Plaintiff Broussard alleges that he incurred losses as the result of Mr. Stine’s breach of a contract to provide adequate water for the irrigation of plaintiff’s rice crop on approximately 400 acres of land. The jury found for the plaintiff and awarded him $16,599.00 in damages. Defendant appeals.
The substantial issues on appeal are: (1) Was there a contract between Mr. Brous-sard and Mr. Stine? (2) Was the contract breached? (3) What damages did plaintiff suffer as a result of the breach?
In his brief, counsel for appellant gives only cursory treatment to the first two of these issues. The defendant admits that he supplied water for Mr. Broussard’s operations on the Krause & Managan Farm, for which Mr. Broussard paid him one fifth of the crop. We find the record amply supports the jury’s finding that there was a contract between Mr. Broussard and Mr. Stine. We also find evidence that defendant breached this contract in that at crucial times during the production of this rice crop he failed to supply adequate water to the plaintiff’s fields.
The record clearly shows there was some crop loss. But there is conflicting evidence as to the amount. We cannot be sure what formula the jury used to award damages. Deducting the stipulated damages of $920 from the award of $16,599, leaves $15,679 for crop loss on the 400 acres, which comes to approximately $39.20 per acre. If we use $9.50 as the average selling price per barrel for the grade of rice which would have been produced, and $1.80 for the drying and storage fees per barrel, and remembering that the farmer’s share is 60%, the jury’s award would compensate Mr. Broussard for the loss of approximately 8.5 barrels per acre. Of course, the jury could have believed that the proper water supply would have resulted in a better grade of rice. In that case, their award might reflect the loss of less than 8.5 barrels per acre but of a grade of rice which would have brought more than $9.50 when sold. Many different factors could have been considered by the jury.
Having carefully considered the evidence presented concerning the 1975 yields from other farms in the vicinity of the Krause & Managan fields farmed by Mr. Broussard, and considering the yields from the Krause & Managan Farm in 1974 and 1976, we find no manifest error in the award made by the jury.
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.