CUTRER, Judge.
This is a suit for damages arising out of an alleged breach of an oral agricultural lease of 110.6 acres of land owned by defendant Cappel Trust, and its beneficiaries, *648 Toinette and Lane Cappel (Cappels). Heard LeJeune (LeJeune) filed suit against the Cappels and Steve and Ronald Duple-chain (Duplechains). The Cappels filed a third party demand against the Duplechains seeking judgment against the Duplechains in the event the Cappels were cast in judgment.
From a judgment of the trial court dismissing LeJeune’s suit, LeJeune and the Cappels appeal.
The facts presented in this suit are as follows:
LeJeune entered into an agricultural lease of 110.6 acres of land with the Cap-pels. LeJeune was to raise soybeans on the acreage during the crop year of 1977. In prior years, the Duplechains had leased the subject land from the Cappels, along with other lands, for the purpose of planting rice and soybeans.
In 1977, LeJeune began to prepare the 110.6 acres for soybean production. The Duplechains, contending that they had a lease by reconduction on the tract in question, went upon the land, destroyed work done by LeJeune and prepared the land for rice cultivation. LeJeune made demand upon his lessor, the Cappels, to restore him to the land pursuant to the lease. The Cappels filed suit to enjoin the Duplechains from dispossessing LeJeune. From an adverse judgment, the Cappels appealed the judgment dismissing the suit for injunction. On appeal, this court, reversing the trial court, held that the Duplechains did not have a lease on the 110.6 acres by reconduction. The suit was remanded to the trial court for a determination of any damages that the Cappels may have incurred. Cappel v. Duplechain, 356 So.2d 77 (La.App. 3rd Cir. 1978), writ den., 358 So.2d 643 (La.1978). LeJeune was not a party to that suit.
LeJeune filed this suit seeking damages for the loss suffered when he was deprived of the right to plant the 110.6 acres in 1977. The trial court denied plaintiff’s claim on the basis that he had failed to prove the amount of losses he incurred. The trial court’s reasons for judgment stated, in part, as follows:
“Although plaintiff did show by reasonable means what the estimated dollar yield would have been, he did not attempt to show how or in what amount the consideration would be paid to the lessor. A judicial determination of damages would therefore require this court to guess at the lessor — lessee financial arrangement.”
The substantial issues on appeal are:
(1) Whether the plaintiff adequately proved the losses incurred, including a deduction for the land rent to be paid the Cappels; and
(2) If an award is made to LeJeune, whether LeJeune would be entitled to judgment against the Cappels.
DETERMINATION OF DAMAGES
At the trial of the suit, LeJeune was the only witness to testify. He stated that he leased the land in question from the Cap-pels for the purpose of producing soybeans for the 1977 crop year. After he started preparing the land for planting, the Duple-chains entered upon the land and began preparing same for a rice crop. LeJeune testified that he was deprived of his right to produce soybeans for the 1977 crop year on this 110.6 acres. He did, however, plant soybeans on other lands containing 149.7 acres which were leased by him from the Cappels. LeJeune also produced soybeans from other lands in the immediate vicinity.
To determine his losses on the 110.6 acres in question, LeJeune introduced into evidence, without objection, a distribution sheet prepared by the Elton Rice Dryer, a community rice dryer, which reflected the total soybeans produced by LeJeune in the area. The net receipts from the sale, after deducting handling, shipping and other deductions, was $122,925.79. The total bushels involved in the sale were 21,218.53. By dividing the number of bushels into the total sale price, LeJeune arrived at a figure of $5.79 as an average price per bushel for his soybeans. After arriving at this average price per bushel, LeJeune, in order to *649 ascertain the average number of bushels produced per acre, testified that he produced 4,127 bushels from a 149.7 acre tract owned by the Cappels in the vicinity of the subject land. By dividing the number of acres (149.7) into the number of bushels produced on the 149.7 acres (4,127), an average production per acre of 27.57 bushels was obtained.
After arriving at the price per bushel and the average yield per acre as set forth above, LeJeune introduced into evidence a detailed tabulation which reflected an estimated loss of $5,284.47. LeJeune, in order to ascertain the various expenses that he would have incurred, used an analysis prepared by the Department of Agriculture Research Report entitled “Costs and Returns for Soybeans Southwest Louisiana Rice Area, Projection for 1977.” This research report was introduced into evidence without objection.
The calculations presented by LeJeune are as follows:
“PER ACRE
“1. Gross Receipts from Balance of Farm 27.57 Bushels
Average Price Received for 1977 Production x $5.79
$159.63
Less 20% for land rent 31,93
$127.70 Gross Receipts
2. Variable Costs - Preharvest
Seed 13.63 13.63
Fertilizer 19.53 less 20%-3.91= 15.62
Lasso 9.45 less 20%-1.89 = 7.56
Lorox 3.61 less 20%- .72= 2.89
Lorox 2.72 less 20%- .54= 2.18
Methyl .59 less 20%- .12= .47
Plane for Lorox .52 less 20%- .10= .42
Plane for Methyl 1.07 less 20%- .34= .73
Machinery 4.74 4.74
Tractors 6.72 6.72
Tractor & Mach.
Labor 9.49 9.49
Labor other 2.62 2.62
Interest 2.79 2.79
$ 69.86 Subtotal Preharvest
Harvesting Costs
Custom Drying $8.11 & Handling
Machinery 3.35
Tractors .90
Labor 3.25
$ 15.60 Subtotal Harvest
85.46 Total Variable Costs
3. Returns Above Variable Costs $ 42.24 Returns Above
Variable Costs
4. Fixed Costs
Machinery 18.50
Tractors 7.33 $ 25.83 Total Fixed Costs
Returns Above Total Specified Costs $ 16.41
Returns Above Specified Costs $ 16.41
Break levees 2 passes @ .53 1.06
Disc 2 passes @2.19 4.38
Ditch 1 time .99
Field Cultivator, 1 pass 1.94
*650 Fertilizer, 300 # 0-26-26 @$140/ton $ 21.00
Custom Spreader Truck 2,00
$ 47.78[1]
Total Acres in field involved x 110.6
$5,284.47”
We must note that the evidence presented by LeJeune was uncontroverted. It is clear that LeJeune had taken into account the land rent that would be due the Cappels in calculating his losses in the calculations set forth above. LeJeune specifically listed the deduction for the land rent in the amount of $31.93 per acre. The trial court erred in holding that this item was not proved.
Upon review, the record, the worksheets prepared by LeJeune and the research report prepared by the Department of Agricultural Economics, present ample proof of the losses incurred by Le-Jeune to be $47.78 per acre. This figure multiplied by the number of acres (110.6) results in a loss of $5,284.47. A consideration of the average yields of other farms in the vicinity of the subject land is an accepted method of arriving at losses sustained by a lessee under the circumstances presented. Broussard v. Stine, 362 So.2d 1174 (La.App. 1st Cir. 1978), writ den., 365 So.2d 244 (La.1978).
Having arrived at the amount of damages, we must next ascertain whether judgment should be rendered against the Cap-pels.
LIABILITY OF THE CAPPELS
The trial court correctly dismissed the plaintiff’s claim against the Cappels. The Cappels, as lessors, are bound “to cause the lessee to be in a peaceable possession of the thing during the continuance of the lease.” LSA-C.C. art. 2692. If the lessee is evicted, the lessor is answerable for the damage and loss sustained by the lessee by the interruption of the lease. LSA-C.C. art. 2696. If, however, the use of the property is greatly impeded through no fault of the lessor, the lessee has no claim for indemnity. LSA-C.C. art. 2699.[2]
When the Duplechains intruded upon the land in question, depriving Le-Jeune of the right to use same, the Cappels immediately filed suit to enjoin such action. The impediment to LeJeune’s use of the property was not caused by any fault of the Cappels. They promptly took action to maintain LeJeune in his rightful possession. Under these circumstances, the Cappels owe no indemnity to LeJeune and are not liable to him for damages. The portion of the trial court judgment dismissing the suit against the Cappels will be affirmed.
As to the Duplechains, they are clearly liable to LeJeune for the damages that LeJeune incurred. Jardell v. Sabine Irrigation Co., Inc., 346 So.2d 1365, at 1369 (La.App.3rd Cir. 1977), states:
“. . . Our courts often recognized the right of a predial lessee, under Article 2315 of our Civil Code, to recover from those who cause damage to his growing crops or other property.”
The judgment of this court in Cappel v. Duplechain, holding that the Duplechains had no lease on the property, has become final. Under these circumstances, the Du-plechains have illegally deprived LeJeune of his right to use the land, and as such, must answer for any damages incurred by Le-Jeune. That portion of the judgment dismissing plaintiff’s suit against the Duple-chains shall be reversed.
*651 For the reasons assigned, the judgment of the trial court, dismissing the suit against the Duplechains, is reversed and it is ordered that there be judgment in favor of LeJeune against Steve and Ronald Du-plechain, in solido, for the sum of $5,284.47 plus 7% interest from the date of judicial demand until September 12, 1980, and 10% from September 13, 1980 until paid. LSA-C.C. art. 2924. In all other respects the judgment of the trial court is affirmed.
All costs of the trial court and for this appeal are to be paid by Steven and Ronald Duplechain.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.

. The figure, $48.32, contains an error in addition. The items correctly added would be $47.78. This figure multiplied by 110.6 acres reveals a corrected loss of $5,284.47.

. “If, without any fault of the lessor, the thing cease to be fit for the purpose for which it was leased, or if the use be much impeded, as if a neighbor, by raising his walls shall intercept the light of a house leased, the lessee may, according to circumstances, obtain the annulment of the lease, but has no claim for indemnity.”