355 So.2d 1087 (1978)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Clyde TATE, Defendant-Appellee.
No. 6339.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
*1088 D. Ross Banister, Chester E. Martin, Jesse S. Moore, Jr., Edwin R. Woodman, Jr., Alva J. Jones, Johnie E. Branch, Jr. by Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellant.
Eric R. Harrington, Sam J. Friedman, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
DOMENGEAUX, Judge.
This is a "quick taking" expropriation under the provisions of La.R.S. 48:441-460. The plaintiff acquired, for highway purposes, full ownership, subject to a perpetual mineral reservation, of the rear .156 acres of a .394 acre, vacant and unimproved, lot of ground owned by defendant. The taking occurred on April 3, 1972, the date on which the order of expropriation and document evidencing receipt of the estimated just compensation was signed.
At the time of the taking, appellee owned a .394 acre rectangular lot of land which fronted on Old Spanish Lake Road. Appellee's lot measured 66 feet front on the aforesaid road by a depth between parallel lines of 266 feet. Following the taking plaintiff was left with a lot fronting Old Spanish Lake Road which measures 66 feet front and rear by an average depth of 180 feet, more or less.
At the time of taking plaintiff deposited the sum of $143.00 as estimated just compensation for the property taken. Defendant answered asserting that the true value of the property taken was $466.00 and claimed severance damages in the amount of $1,395.87.
Following trial the district court rendered judgment awarding defendant-appellee the sum of $921.87, less a credit of $143.00, with interest from March 28, 1972. The judgment also fixed the fees of defendant's expert witnesses, Messrs. Stephens and LaCaze, at $450.00 and $250.00, respectively, and ordered these sums taxed as costs to be paid by plaintiff. The trial court's written reasons reflect that the amount awarded is broken down as follows:

Value of land taken................$ 400.00
Severance damage to remainder......$ 445.87
Barbed wire fencing ...............$ 76.00[1]
 ________
 Total..........$ 921.87

Plaintiff appeals and urges error on the part of the trial court in the following particulars: (1) in awarding interest from March 28, 1972, rather than from the date of taking, i. e., April 3, 1972; (2) in awarding an excessive amount for the property taken; (3) in awarding severance damages; and, (4) in fixing the expert witness fees at exorbitant amounts. We find merit only in appellant's contentions concerning numbers (1) and (2).
In a suit for expropriation under authority of LSA-R.S. 48:441 et seq., title vests in the condemner upon the deposit of the amount of estimated just compensation in the registry of court and the execution of the receipt therefor by the clerk of court. LSA-R.S. 48:445. The condemnee is entitled to interest on the amount finally awarded, over and above that deposited, as of the date title vests in the condemnor to the date of payment. LSA-R.S. 48:455. In the instant case the record reflects that the amount deposited by plaintiff was receipted for by the clerk of court on April 3, 1972, therefore the trial court judgment is in error insofar as it awards interest from an earlier date.
We next consider appellant's contentions that the award made for the property taken is excessive and that the defendant's remainder suffered no severance damage.
*1089 The record reflects that defendant acquired the parent lot of ground one year prior to the institution of this proceeding for the sum of $350.00. Defendant testified that the transaction was not an "arms length" transaction. Plaintiff disputes this. Prior to the taking defendant used this vacant property to store old, unused machinery and as an open air repair site for heavy equipment.
Four experts expressed opinions as to the value of the property taken and as to whether or not the remainder sustained severance damages. Messrs. T. J. Stephens and Sam LaCaze, Jr. appeared on behalf of defendant, the former testified and the latter's report was received by stipulation. Messrs. James L. Dousay and Frank John Greco testified on behalf of plaintiff.
Defendant's expert, Mr. Stephens, expressed the opinion that the property had a unit value of $2,500.00 per acre and reasoned that the lot had a value before the taking of $1,000.00. He opined that the property taken, .156 acres had a value of $390.00 based on the unit value of $2,500.00 per acre. Mr. Stephens further testified that the property remaining to defendant after the taking suffered severance damage in the amount of $445.87. He concluded that the .2378 acre remainder was rendered useless because the owner no longer had sufficient space to store machinery and conduct maintenance operations as he had done before. Using a depreciation figure of 75% he calculated severance damages at $445.87.
Although Mr. LaCaze did not testify, his report, which mirrors that of Mr. Stephens, was received in evidence by stipulation.
Mr. Dousay opined that the property had a unit value of $900.00 per acre; the value of the part taken was $140.00; and, the remainder suffered no severance damage. Mr. Greco, plaintiff's other appraiser, concluded that the property had a unit value of $942.00 per acre; the value of the part taken was $147.00; and, the remainder suffered no severance damage.
All of the experts who testified utilized comparable sales in arriving at an opinion regarding the unit value of the .394 acre tract. The trial court accepted the opinion of defendant's experts on unit value and awarded defendant the sum of $400.00 as the value of the land taken.
We find no error in the trial court's award for the .156 acre taken, except insofar as said award exceeds the highest estimate of value placed by any of the experts on such parcel. State, Through Department of Highways v. Romano, 343 So.2d 222 (La.App. 1st Cir. 1977). The highest estimate of unit value for the subject tract was $2,500.00 per acre. Using this figure the part taken has a value of $390.00 (.156 × 2500.00 = $390.00). The trial court's award exceeds that amount by $10.00 and must be reduced to that extent. State, Department of Highways v. Thurman, 231 So.2d 692 (La.App. 1st Cir. 1970) and State, Department of Highways v. Eubanks, 345 So.2d 533 (La.App. 3rd Cir. 1977).
Concerning severance damages, it was the opinion of the experts who appeared for the defendant that the remaining property had been diminished in value to the extent of 75% because there remained insufficient area to fully allow the landowner to operate his previous business as a storage place for unused machinery and a repair site for heavy equipment.
In his reasons the trial judge specifically accepted the opinion of the expert Stephens on the severance damage question, and concluded that the taking interfered with the potential development of the land and its reasonable prospective use.
Although the plaintiff questions Mr. Stephens' approach on the question of severance damages, a reasonable interpretation of his testimony satisfies us that his conclusion concerning severance damages results from a "before and after approach".
Bearing in mind that the property is quite narrow, we find it reasonable to conclude that the part taken affects its after value. Although the landowner continued his operations after the taking, there is evidence (which the trial judge obviously believed), which indicates that defendant is *1090 hampered in his business. Overall, we cannot say that the trial judge was in error in concluding, from the evidence, that the taking herein caused a reduction in the value of the defendant's remaining property.
Finally, appellant contends that the fees allowed the two experts retained by defendant are excessive. As aforestated, the trial court allowed Mr. Stephens a fee of $450.00 and Mr. LaCaze a fee of $250.00. We have considered the amount of expert fees awarded and conclude that those amounts do not constitute a manifest abuse of the trial court's discretion in fixing such fees. The fixing of expert witness fees rests mainly within the sound discretion of the trial court. State, Department of Highways v. Smith, 272 So.2d 746 (La.App. 3rd Cir. 1972), writ denied, La., 272 So.2d 696.
For the above and foregoing reasons, the judgment appealed from is amended in the following respect: The judgment in favor of defendant and against plaintiff is reduced from $921.87 to the sum of $911.87, less the amount deposited by plaintiff in the registry of the court, with legal interest on the balance due from April 3, 1972, until paid, and all costs of these proceedings. Except as herein amended, the judgment appealed from is affirmed. All costs of these proceedings in the trial court and on appeal, are assessed to plaintiff-appellant.
AMENDED AND AFFIRMED.
GUIDRY, J., dissents in part and assigns written reasons.
GUIDRY, Judge, dissenting in part.
I dissent from only that part of the majority opinion which affirms the trial court's award of severance damages.
I would find manifest error in the trial court's determination that defendant's remaining property suffered severance damages.
The burden of proof to establish severance damages rests with the landowner. Such damages must be established by competent proof and are never allowed if based on speculation or conjecture. Defendant's experts opined that his remaining property had been diminished in value to the extent of 75% because he "does not now have enough room for his operation".[1] As a general rule, the measure of severance damages is the difference between the market value of the remaining property before and after the expropriation. In State, Department of Highways v. Wolfe, 252 So.2d 483, 486 (La.App. 3rd Cir. 1971) we stated:
"In determining market value, any peculiar value which the property has to the present owner by virtue of his occupation, the use which he is presently making of the property or the plans which he has for the property in the future are not considered."
There is absolutely no evidence in the record whatever which would reflect that defendant's remaining .2378 acre tract was diminished in value as a result of the taking. Accordingly, in my opinion, it was error for the trial court to award severance damages solely on the basis of Messrs. Stephens and LaCaze unsupported expression of opinion. Louisiana Power & Light Company v. Pipes, 188 So.2d 639 (La.App. 2nd Cir. 1966) and State, Department of Highways v. Christy, 283 So.2d 533 (La.App. 1st Cir. 1973). Accordingly, I would amend the judgment appealed from so as to delete the award of severance damages. For the above reasons I respectfully dissent in part.
NOTES
[1] Plaintiff concedes that the judgment correctly awards defendant this sum for fencing.
[1] Although Messrs. Stephens and LaCaze suggest that defendant had not sufficient space for his storage and maintenance operations following the taking, the record clearly reflects that defendant's operations continued on the subject tract without any lessening in degree up until the time of trial some five years later.