381 So.2d 879 (1980)
Billie Ruth Dykes AUGER, Plaintiff-Appellant,
v.
Kenneth Donald AUGER, Defendant-Appellee.
No. 14018.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1980.
*880 Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for plaintiff-appellant.
Rabun & Post by Armand F. Rabun, Farmerville, Richard R. Storms, Ruston, for defendant-appellee.
Before PRICE, HALL and McCLENDON, JJ.
PRICE, Judge.
Billie Ruth Dykes Auger brought this action against her former husband, Kenneth Donald Auger, seeking to annul the conveyances made by defendant of an undivided interest in several tracts of land which plaintiff contends were made by him prior to their separation with the intent to defraud plaintiff of her community interest in the properties. Pursuant to the sustaining of an exception of no cause or right of action, plaintiff by amended pleadings abandoned her request to annul the sales and sought to recover judgment against defendant for the amount which she contends she was damaged by the alleged fraudulent transfers.
The trial court found defendant executed the conveyances to his father and brother with the intent to reduce plaintiff's community interest and in fraud of her rights. The court awarded her judgment for $13,302.25 which was calculated as being one-half the amount by which the market value of the husband's interest in the several tracts exceeded the consideration recited in the subject conveyances.
Plaintiff appealed and assigned as error the trial court's failure to award her damages based on the full market value of the properties since it was shown no consideration had been paid. By supplemental brief filed after oral argument, plaintiff also questioned the correctness of the trial court's sustaining of the exception of no cause or right of action. The exception was based on the premise that the wife has no right of action to rescind or annul the conveyances by the husband of community property, but must seek redress under La.C.C. Art. 2404 as interpreted by the Supreme Court in Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956). Thigpen holds that Art. 2404 "vests in the wife by necessary implication a right of action to hold her husband responsible, in an action for settlement of the community property following its dissolution by a judgment of separation from bed and board or divorce; for the losses resulting to her by reason of the husband's sales of the community property during the marriage, disposed of by fraud and with intent to injure her."
Thigpen also holds that ". . . the law does not give to a wife, who has sustained injury by a conveyance of community property in fraud of her rights, a right of action for rescission of the transactionsuch as the revocatory action available to creditors for the purpose of setting aside the fraudulent conveyances of their debtors."
*881 Thigpen does not hold, however, that an action cannot be maintained by the wife to annul a simulated sale where there was no intent to actually divest title and the transaction is a mere sham. A simulated contract has no substance at all and may be declared null at any time at the demand of any person in interest. Spiers v. Davidson, 233 La. 239, 96 So.2d 502 (1957); Williams v. Smith, 340 So.2d 401 (La.App. 2d Cir. 1976).
While the trial court may have misinterpreted Thigpen in sustaining the exception of no cause or right of action, plaintiff nevertheless acquiesced in the ruling of the court and proceeded to try the case under the theory of the Thigpen construction of Art. 2404. We also note that the vendees in the disputed conveyances were not made defendants which would preclude rendition of a valid judgment annulling the transfers in the present posture of the case. Furthermore, the application of Art. 2404 as expanded by Thigpen would appear to afford plaintiff an adequate remedy under the circumstances which have developed in this litigation.
By answer to plaintiff's appeal, defendant questions the finding of the trial court that he defrauded plaintiff's interest in the community by the conveyances because he contends the community owed a substantial indebtedness to his father and the conveyances were in fact intended to be in partial satisfaction of this indebtedness.
We find no error in the trial court's conclusion that the sales were made in fraud of plaintiff's community rights, but find the calculation of damages by the court to be in error and amend the judgment to increase the award to plaintiff and affirm.
The parties married in June 1963 and physically separated about April 12, 1971. Prior to the plaintiff filing suit for a legal separation on May 5, 1971, defendant conveyed his interest by authentic act in seven tracts of land which had been acquired in indivision with his father, J. A. Auger, and his brother, Don Juan Auger, during the marriage with plaintiff. Six of the conveyances were made to J. A. Auger and Don Juan Auger jointly for recited cash considerations of between $500 and $5,000 which in all total $11,500. The seventh conveyance was to Don Juan Auger for the stated cash consideration of $11,000 and assumption of the balance due on the purchase price of the property transferred.
The plaintiff and defendant were reconciled in January 1972. However, they separated again in September 1972 and plaintiff secured a judgment of separation on January 3, 1973, and ultimately the parties were divorced.
Plaintiff testified that following her reconciliation with defendant in January 1972, he admitted to her that the transactions in question were invalid and were effected for the sole purpose of preventing plaintiff from "getting her part of the property." However, she testified he assured her that since they had resumed their marital relation, title to the properties would be reconveyed to the community. This testimony was substantiated by the testimony of Mrs. Janelle Auger, divorced wife of Don Juan Auger, who stated that defendant divulged to her his plan to place title in his young niece so that plaintiff would be prevented from claiming ownership in these tracts.
Although defendant admits that at the time he executed the transfers he was aware that his marriage was failing, he contends that his sole motive for these conveyances was to simply liquidate part of his indebtedness to his father before the properties, became entangled with legal obstacles due to his domestic troubles. His explanation of this indebtedness involves a complicated business relationship existing among defendant, his brother, and father. The three engaged in the purchase and sale of timber and operated a corporation known as "J. A. Auger and Sons." All three were required to co-sign notes of indebtedness on loans from the several banks furnishing operating capital. Prior to the disputed conveyances defendant engaged in several large timber purchases separate and apart from his father and brother. He contends he sustained substantial losses on these ventures and that his father co-signed loans made by him at the Farmerville Bank to cover these losses.
*882 The trial court found that the evidence established a prima facie case that the defendant had deliberately transferred the properties with the intent to reduce his wife's community interest. The court based its conclusion on the following factors: that the parties had experienced marital difficulties and physically separated a few days prior to the dates of the transfers; the filing of a suit for legal separation was imminent; the vendees in the deeds were defendant's closest relatives and business associates; the cash consideration recited in the deeds was admittedly never paid to defendant; no attempt was made to reduce to writing any understanding among the parties as to what specific indebtedness was to be credited with the amounts shown in the deeds; it appeared that arbitrary "round figures" were placed in the deeds as the expressed consideration; and the single most valuable property interest was conveyed to Don Juan Auger alone, who never testified concerning the manner in which the recited cash consideration of $11,000 was to be paid.
We find the evidence amply supports the trial court's conclusion that the transfers were made with deliberate intent to reduce plaintiff's community interest and therefore no manifest error was committed in this regard.
The trial court found the expert testimony to establish a total market value of $52,104.50 for all of the subject properties. Plaintiff does not take issue with this finding on appeal. However, she contends the trial court should have awarded her one-half that value without deducting from that sum the cash consideration recited in the seven deeds as there is no evidence to corroborate J. A. Auger's testimony that he gave defendant credit for these specific amounts on the indebtedness owed to him by defendant. We are constrained to agree with plaintiff's position. Since defendant admits the recited cash considerations were not paid in any of the transactions, the burden is upon him to prove with some degree of certainty the actual consideration on which he relies to support the conveyances.
The record is unclear as to any specific indebtedness which defendant or the community owed to J. A. Auger at the time of the conveyances. The evidence at best shows there was a probability of substantial liability resulting from J. A. Auger being either a co-maker or endorser of loans for defendant. It is not clearly shown that any of the loans were in default at the time of the transfers.
We therefore conclude the trial court erred in deducting the recited amount of cash consideration from the established market value in fixing the amount plaintiff was damaged.
The parties did not bring an action for an accounting and liquidation of the community in this proceeding and when such an action is instituted, defendant will then have an opportunity to establish the full amount of any indebtedness the community actually owes to his father and may make proper claim for an offsetting credit in that proceeding.
The judgment appealed is amended to increase the amount awarded to the sum of $26,052.25 and as amended is affirmed. Costs of this appeal are assessed to defendant.