434 So.2d 492 (1983)
Billie Ruth Dykes AUGER, Plaintiff-Appellee,
v.
Kenneth Donald AUGER, Defendant-Appellant.
No. 15423-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
*493 Blackwell, Chambliss, Hobbs & Henry by Larry Arbour, West Monroe, for plaintiff-appellee.
Rabun & Post by Armand F. Rabun, Farmerville, for defendant-appellant.
Before HALL, MARVIN and NORRIS, JJ.
NORRIS, Judge.
Billie Ruth Dykes Auger originally sued her former husband, Kenneth Donald Auger, seeking to annul certain conveyances executed by him prior to their separation contending they were made with the intent to defraud her of her community interest in the conveyed properties. By amended petition subsequent to the sustaining of an exception of no cause of action, plaintiff sought to recover a money judgment against defendant for the damages resulting from the fraudulent conveyances. After a trial, the lower court found that Mr. Auger had executed these conveyances in fraud of her rights and awarded her judgment in the sum of $13,302.25. On appeal, we affirmed the holding of the trial court insofar as it related to the finding of fraudulent transfers of community rights under La.C.C. Art. 2404 but amended the judgment to increase the award of damages to $26,052.25. Our opinion was handed down on February 25, 1980. See Auger v. Auger, 381 So.2d 879 (La.App.2d Cir.1980). No application for rehearing was filed nor was a writ application filed in the Supreme Court; therefore, the judgment became final on March 27, 1980. See La.C.C.P. Art. 2166.
Thereafter in an attempt to satisfy the judgment, Mrs. Auger issued a writ of fiera facias against certain immovable property. In response, Mr. Auger deposited into the Registry of the Court the sum of $33,919.25 as a tender of full payment of the judgment, including interest and costs.[1] The amount of interest tendered was determined in the following manner: The interest was calculated on $13,302.25, the amount of the original judgment rendered by the trial court on September 6, 1977, at the rate of 7% per annum from the date of the rendition of the trial court's judgment until the date of the amendment of that judgment by this court. Then the interest was calculated at the rate of 7% per annum on the amended amount of $26,052.25 from February 25, 1980. Simultaneously with the tender, Mr. Auger sought to enjoin the sale of the property seized pending a determination of the question of the sufficiency of the tender and issued a rule directed to Mrs. Auger to show cause why the amount tendered was not in full satisfaction of the judgment.
The issues presented to the trial court in connection with the rule were the date of commencement of the legal interest and the applicable rate of legal interest to the award. In written reasons for judgment, the trial court found that legal interest in this case, on the judgment as amended, i.e. $25,052.25, commenced from the date of judicial demand, May 16, 1975. A finding was then made that the interest ran at the rate of 7% per annum from May 16, 1975 to September 12, 1980; at 10% per annum from September 12, 1980 to September 11, 1981; and at the rate of 12% per annum from September 10, 1981 until paid.
Mr. Auger appeals the trial court's judgment assigning the following errors:
(1) The trial court erroneously concluded that the interest should be calculated upon the judgment from the date of judicial demand instead of from the date of the judgment or judgments; and
(2) In view of the fact that this suit was pending and judgment rendered prior to September 12, 1980, the trial court erroneously concluded that the judgment would bear interest at a rate other than seven percent (7%) per annum as provided in the act amending Article, being Act. No. 142 of 1982. Also, the trial court was erroneous in concluding that the judgment would bear intermitten interest of *494 ten and twelve percent as stated in its judgment which is contrary to the provisions of Article 2924 as amended by Act No. 142 of 1982.

DATE OF COMMENCEMENT OF LEGAL INTEREST
In connection with this issue, Mr. Auger argues that the suit as originally filed involved an unliquidated claim because the ascertainment of the amount due had to be determined; therefore, the interest did not become due until the time it became ascertainable, here the date of judgment. La. C.C. Art. 1938. Conversely, Mrs. Auger argues that the proper characterization of her claim is one sounding in damages or ex delicto; thus, legal interest should attach from date of judicial demand as per the provisions of La.R.S. 13:4203:
Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto", which may be rendered by any of the courts.
It is clear that the langauge of La. R.S. 13:4203 is mandatory and is applicable in all actions ex delicto, even in cases where legal interest is not prayed for nor specifically mentioned in a judgment awarding damages. See LeBlanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245 (1943); Steele v. St. Paul Fire and Marine Insurance Co., 371 So.2d 843 (La.App.3d Cir. 1979). Thus, in ex delicto cases, legal interest attaches from date of judicial demand. See also O'Donnell v. Fidelity General Insurance Co., 344 So.2d 91 (La.App.2d Cir. 1977).
It is likewise clear from our opinion on the merits of this matter that Mrs. Auger's cause of action was based on La.C.C. Art. 2404 in effect at the time the suit was filed:[2]
But if it should be proved that the husband has sold the common property, or otherwise disposed of the same by fraud, to injure his wife, she may have her action against the heirs in support of her claim in one-half of the property on her satisfactorily proving the fraud.
We conclude that a cause of action arising under La.C.C. Art. 2404 by its very nature is one which is ex delicto. See Auger v. Auger, supra; and Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956).
In Thigpen v. Thigpen, supra, a wife was awarded money damages against her husband upon a finding that the husband had fraudulently disposed of community property resulting in injury to the wife. The Court reversed the trial court's rejection of the wife's demands and awarded damages with legal interest thereon from date of judicial demand until paid. The situation presented in Thigpen is closely analogous to the instant case, as is reflected in our earlier opinion.
Therefore, we conclude that the trial court did not err in its finding that legal interest attached from date of judicial demand, May 16, 1975 on the sum of $26,052.25, the amount of the amended award.

APPLICABLE RATE OF LEGAL INTEREST
Applicable rates of legal interest are provided for by La.C.C. Art. 2924. The jurisprudence has clearly enunciated the rule that legal interest is a matter of substantive law and that absent language contained within the article which could be interpreted as making its provisions retroactive, the legal interest which was applicable on the date of judicial demand in ex delicto cases is the rate of legal interest to be applied in such cases because that was the date which fixed the interest rate. See O'Donnell v. Fidelity General Insurance Co., supra; Herbert v. Travelers Insurance Co., 245 So.2d 563 (La.App.3d Cir.1971).
On the date of judicial demand in the instant case, La.C.C. Art. 2924 provided in pertinent part:
Interest is either legal or conventional. Legal interest is fixed at the following rates, to-wit:

*495 At seven percent on all sums which are the object of a judicial demand. Whence this is called judicial interest.
Thus, legal interest at the rate of 7% per annum attached from the date of judicial demand.
Thereafter, by Act 402 of 1980, this article was amended to read in pertinent part:

* * * * * *
At ten percent on all sums which are the object of a judicial demand. Whence this is called judicial interest.
* * * * * *
The judicial interest of ten percent per annum shall apply to all lawsuits filed after September 12, 1980. Suits pending on or before September 12, 1980, shall be computed at seven percent per annum from the date of judicial demand until September 12, 1980, and thereafter at the rate of ten percent per annum.
By Act 639 of 1981, the article was again amended to read in pertinent part:

* * * * * *
At twelve percent on all sums which are the object of a judicial demand. Whence this is called judicial interest.
* * * * * *
The judicial interest of twelve percent per annum shall apply to all lawsuits pending, or filed, on or after September 11, 1981. Suits pending on or before September 11, 1980, should be computed at seven percent per annum from the date of judicial demand until September 12, 1980. Suits pending on or before September 10, 1981, shall be computed at ten percent from the date of judicial demand until September 11, 1981.
Finally, by Act 142 of 1982, this article was amended in pertinent part to read:

* * * * * *
The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows. Prior to September 12, 1980, the rate shall be seven percent per annum. On and after September 12, 1980, until September 11, 1981, the rate shall be ten percent per annum. On and after September 11, 1981, the rate shall be twelve percent per annum.
Thus, it can be seen from the foregoing amending acts that the legislature was attempting to give retroactive effect to the acts beginning in 1980 in order to provide for an escalating interest rate which would apply to suits filed or pending during the indicated periods in the various amendments. Ultimately, the question becomes whether or not the amendments with their retroactive provisions apply to the instant suit. We conclude that they do not.
A careful reading of the amendments compels us to conclude that the retroactive provisions contained therein do not apply to suits which were not pending as of September 12, 1980. Black's Law Dictionary defines pending:
Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus an action or suit is "pending" from its inception until the rendition of final judgment. [Emphasis added.]
In this case, the final judgment was rendered prior to the effective date of the amendments. The language of each of the amendments is clear and unambiguous in the respect that it refers to pending lawsuits. This lawsuit was not pending on or after September 12, 1980, but rather was final and complete. The later action was merely an attempt to execute on the final judgment.
Therefore, the rate of interest which attached to this judgment was 7% per annum from date of judicial demand until paid. Thus, the trial court's method of calculating the rate of applicable interest was in error.
Accordingly, the judgment of the trial court is amended and recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the legal interest on the judgment previously rendered in this matter [$26,052.25] commences on May 16, 1975 and runs at the rate of seven *496 percent per annum (7%) from May 16, 1975, until paid.
As amended, the judgment appealed from is affirmed. Costs of this appeal are to be borne by appellant.
NOTES
[1] The costs in this case have since been satisfied.
[2] La.C.C. Art. 2404 has since been repealed effective January 1, 1980.