598 So.2d 649 (1992)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant,
v.
Roger DIETRICH, et al., Defendants-Appellees.
No. 90-1190.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
Bertrand & Soileau, Ronald J. Bertrand, Rayne, for plaintiff-appellant.
*650 Kelly, Townsend & Thomas, Jeffrey H. Thomas, Natchitoches, for defendants-appellees.
Before GUIDRY, J. and MARCANTEL and HOOD, JJ. Pro Tem.
GUIDRY, Judge.
Plaintiff, the State of Louisiana, Department of Transportation and Development (DOTD), appeals a judgment which awarded additional attorney's fees and legal interest to the defendants, Roger Dietrich, Leonard M. Dietrich and Guinevere Martin Dietrich, in connection with the expropriation of their property. On appeal, DOTD asserts that the awards were erroneously calculated by the trial court.
This case comes to us for the second time, albeit for the resolution of issues which are different from those before us previously. A short history of this case is necessary to an understanding of the issues presented on this appeal. On July 5, 1983, DOTD commenced expropriation proceedings for acquisition of 43.74 acres of defendants' 365.19 acre tract of land situated in Natchitoches Parish to facilitate the planned construction of Interstate 49. The defendants acquired the 365.19 acre tract in 1980 and had since used the property for raising cattle both for sale and for their slaughter house business. The area expropriated cut across the property diagonally from the northwest corner to the southeast corner, leaving 140.6 acres on one side and 180.85 acres on the other. An "Order of Expropriation" was signed by the district judge on July 5, 1983 and, pursuant to that order, the plaintiff deposited $48,700 into the registry of the court as compensation for the property taken.
The defendants withdrew the deposited amount from the court registry and, at the same time, reserved their right to seek additional compensation from DOTD. The defendants filed an "Amending and Supplemental Answer" on November 21, 1986 wherein they asked for additional compensation, damages, attorney's fees and interest. A jury trial was held on July 23 and 24, 1987. Judgment was rendered on July 28, 1987 awarding defendants additional damages and compensation along with legal interest and 25% attorney's fees on the excess of the final award over the amount deposited.
DOTD appealed the trial court's judgment to this court. On May 24, 1989, we rendered judgment affirming the compensation and severance damage awards. However, we reversed the award for "cost to cure" damage ($54,954) and for past and future economic loss ($405,600). Additionally, the award of attorney's fees of 25% of the final award in excess of the deposit was affirmed. See State of Louisiana, Department of Transportation and Development v. Dietrich, 544 So.2d 675 (La.App. 3rd Cir.1989), writ granted, 548 So.2d 1215 (La.1989), affirmed in part, reversed in part, 555 So.2d 1355 (La.1990).
The Louisiana Supreme Court granted a writ of certiorari to consider the correctness of our judgment insofar as same disallowed the Dietrichs' claim for past and future economic loss. State, DOTD v. Dietrich, 548 So.2d 1215 (La.1989). The Supreme Court reversed our judgment insofar as it had disallowed past and future economic loss but reduced the amount awarded by the trial court to $250,140. The court also affirmed the compensation and severance damage awards and, in addition, it awarded the Dietrichs legal interest plus 25% attorney's fees on all damages in excess of the deposit of $45,700.[1]State, DOTD v. Dietrich, 555 So.2d 1355 (La. 1990). This opinion and decree became final on March 8, 1990.
On April 30, 1990, DOTD deposited $96,828.50 into the registry of the district court to satisfy the award of attorney's fees. Plaintiff calculated this amount as 25% of *651 $387,314, the difference between the total amount awarded in the Supreme Court judgment ($436,014) and the amount previously deposited by DOTD ($48,700). On May 7, 1990, the defendants filed a "Rule to Fix Award of Attorney's Fees" in which they alleged that the attorney's fees should have been calculated at 25% of the aggregate amount of the compensation award plus legal interest instead of as 25% of the compensation award only.
DOTD then deposited $150,819.01 into the registry of the court as the amount of legal interest owed on May 10, 1990. Plaintiff calculated this amount as having accrued from November 21, 1986 (the date of defendants' answer) to May 18,1990 (the expected date of payment) at the following rates: 12% per annum from November 21, 1986 to December 31, 1987; 9.75% per annum from January 1, 1988 to December 31, 1988; and, 11.5% per annum from January 1, 1989 to May 18, 1990. On May 14, 1990, the defendants filed a "Rule to Fix Additional Compensation, Damages, and Attorney's Fees". In this rule, the defendants asserted that the legal interest was erroneously calculated as to both its accrual period and rate.
The rules were consolidated. The trial court rendered judgment on August 7,1990 awarding legal interest from the date of taking of defendants' property, July 5, 1983 to May 18, 1990. Legal interest was set at 12% for the entire accrual period. Additionally, the court awarded attorney's fees computed as 25% of the aggregate amount of $387,314 plus all interest accrued on the award from July 5, 1983, until paid, less amounts previously deposited as attorney's fees into the registry of the court. From this judgment, DOTD appeals.

INTEREST ACCRUAL PERIOD
DOTD first argues that legal interest on the amount finally awarded should be calculated from the date of defendants' answer, e.g., the "date of demand" (November 21, 1986) and not from the date of the taking, July 5, 1983,[2] as determined by the trial court. DOTD bases its position on the fact that the original trial court judgment rendered July 28, 1987 provided for "legal interest ... from date of judicial demand until paid". DOTD urges that this portion of the judgment was not questioned by defendants in either the previous Court of Appeal or Supreme Court proceeding. As such, DOTD asserts that this portion of the prior judgment has become final and binding on the parties.
At the time of the taking and of the original trial court judgment, La.R.S. 48:455 provided:
"The judgment rendered therein shall include, as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court." (Emphasis added)
Clearly, under the law then applicable, legal interest accrued from the date of the original deposit by DOTD, which may also be characterized as the date of the taking and the date title vested in DOTD. The statute was amended by Act 882 of 1988, made effective September 9, 1988, to read as follows:
"If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment." (Emphasis added)
This amendment changed the commencement date of the interest accrual period to the date of legal demand, e.g., the date on which the property owner files an answer in the proceeding seeking additional compensation.
In State, DOTD v. Estate of Davis, 572 So.2d 39, 44 (La.1990), our Supreme Court determined that this amendment was substantive *652 and, as such, "... the version of the statute in effect at the time of the filing of this lawsuit should apply, not the amended version". See also, State, DOTD v. Chambers Investment Co., Inc., 576 So.2d 1174 (La.App. 3rd Cir.1991), writ granted, 584 So.2d 1144 (La.1991); State, DOTD v. Stein, 570 So.2d 513 (La.App. 5th Cir.1990), which expressly overruled State, DOTD v. McClendon, 552 So.2d 1220 (La. App. 5th Cir.1989), writ denied, 556 So.2d 38 (La.1990); State, DOTD v. Anderson, 568 So.2d 657 (La.App. 3rd Cir.1990).
The trial court, in its 1987 judgment, provided for the wrong legal interest accrual commencement date under the law then applicable by awarding such from the date of judicial demand. It should have awarded legal interest from the date title vested in DOTD. Despite the fact that defendants did not previously question the trial court's original judgment insofar as it fixed the commencement date for accrual of interest, we conclude that the award of legal interest did not become final until it was incorporated in the 1990 Supreme Court judgment which provided "... legal interest ... on all damages in excess of the deposit...". Subsequent to this ruling, the Supreme Court issued its ruling in Estate of Davis, supra, that legal interest is to be determined according to the version of La. R.S. 48:455 in effect on the date of filing of the expropriation suit. Thus, the trial court was not in error in awarding legal interest to the defendants from the date title vested in DOTD to May 18, 1990. However, as noted in footnote 2, the date upon which title actually vested in DOTD was July 7, 1983, not July 5, 1983 as reflected in the judgment. In this respect solely, the judgment will be amended to reflect the correct legal interest accrual commencement date of July 7, 1983.

AWARD OF ATTORNEY'S FEES
The trial court awarded defendants attorney's fees totalling 25% of the aggregate amount of the excess compensation award plus legal interest accrued from July 5, 1983 to May 18, 1990. Plaintiff asserts that the award should have been limited to 25% of the excess just compensation awarded exclusive of legal interest. La.R.S. 48:453(E), authorizing attorney's fees in expropriation cases, provides:
"E. Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed twenty-five percent of the difference between the award and the amount deposited in the registry of the court."
Although amended by Act 882 of 1988, the amendment only effected a minor change in the wording and not the substance of subsection (E).[3] DOTD essentially urges that the "award" as contemplated by the statute does not include legal interest.
DOTD's position ignores the fact that La.R.S. 48:455, supra, effective at the date of taking and original judgment, provided that legal interest is considered a part of the "just compensation awarded". Since La.R.S. 48:455 includes legal interest within the scope of compensation, it is logical to conclude that attorney's fees to be awarded on compensation pursuant to La.R.S. 48:453(E) are to be calculated on the aggregate sum of the excess award and interest on that amount from the date title vested in DOTD to the date of payment. State, DOTD v. Williamson, 557 So.2d 731 (La. App. 2d Cir.1990), writ denied, 563 So.2d 1157 (La.1990); Parish of East Baton Rouge v. Hays, 527 So.2d 1088 (La.App. 1st Cir.1988), writ denied, 532 So.2d 152 (La. 1988). Accordingly, the trial court did not err in awarding attorney's fees based on the aggregate amount of the excess compensation award plus interest.

*653 RATE OF INTEREST
The trial court set the legal interest rate for the interest accrual period, July 5, 1983 to May 18, 1990, at 12% on the authority of Hargroder v. Protective Life Insurance Company, 556 So.2d 991 (La.App. 3rd Cir.1990), writ denied, 559 So.2d 1367 (La. 1990), which interpreted La.C.C. art. 2924(B)(2)(c). The statute provides:
"(2) The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows:
(c) On and after September 11, 1981, until January 1, 1988, the rate shall be twelve percent per annum."
The suit in this case was originally filed on July 5, 1983, and the trial court rendered its original judgment on July 28, 1987. The above cited provision was amended to read as such by Act 883 of the 1987 legislative session which became effective September 1, 1987, approximately one month after the trial court rendered judgment.[4] This act also enacted subparagraph (B)(3) which instituted a variable rate of judicial interest to be calculated by the commissioner of financial institutions for periods beginning on and after January 1, 1988.
The act also provided in subparagraph (B)(3), last sentence: "Depending on the duration of a lawsuit, such lawsuit may have more than one rate of judicial interest apply". This sentence was subsequently amended by Act 52 of 1989 to read: "Depending on when the judgment rendered in connection therewith is satisfied or extinguished, such lawsuit may have more than one rate of judicial interest apply". DOTD asserts that since the judgment was not "satisfied or extinguished" until May 18, 1990, the variable interest rates applicable to post-January 1, 1988 periods should apply. However, all of the above noted amendments to the statute went into effect after the judgment of the trial court was rendered.
All of the above amendments to Article 2924 provided for substantive changes in the law because the amendments affect a party's rights as they concern the eventual amount of his recovery. La.C.C. art. 6 provides, in pertinent part, "In the absence of contrary legislative expression, substantive laws apply prospectively only". Given the facts that this judgment was rendered on July 28, 1987 and that the legislature did not provide for retroactive application of any subsequent amendments to Article 2924, we cannot now apply these provisions to the judgment. To do so would be a violation of the clear language of La.C.C. art. 6. Instead, we must apply Article 2924 as it existed prior to these amendments.
As amended by Act 458 of 1984 and effective on the date of judgment, La.C.C. art. 2924(B)(2)(c) provided:
"B (2) The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows:
(c) On and after September 11, 1981, the rate shall be twelve percent per annum." (Emphasis added)
The trial court cited the case of Hargroder, supra, for the proposition that "... a change of interest rates enacted after a judgment should have no effect on a judgment previously rendered". Given the substantive nature of the post-judgment changes, we find this interpretation of Hargroder and the reasoning contained therein to be controlling on this issue. The date on which the trial court originally issued judgment ordering plaintiff to pay judicial interest should be the reference point in determining which interest provision to apply to the amount owed. This date was July 28, 1987, when the version of Article 2924 cited above was applicable. Accordingly, the 12% rate of judicial interest is applicable to the judgment.
For the above and foregoing reasons, the judgment of the trial court is amended to reflect that legal interest is to accrue from July 7, 1983 until paid. In all other respects, the judgment is affirmed. Costs of *654 this appeal are assessed to the plaintiff-appellant.
AFFIRMED AS AMENDED.
NOTES
[1] The trial court's "Order of Expropriation" sets the amount of DOTD's original deposit at $48,700. In addition, the trial court's judgment rendered July 28, 1987 subjects the award therein to a credit of $48,700, the amount of DOTD's previous deposit. However, both the Third Circuit opinion and the Supreme Court opinion state the amount of the deposit as $45,700. For purposes of this opinion, we consider the amount of DOTD's original deposit to have been $48,700.
[2] We note that the Petition for Expropriation was filed on July 5, 1983. The original deposit of $48,700 was made into the registry of the court on July 7, 1983. This was the actual date of the taking and the date title vested in the plaintiff, DOTD.
[3] The prior version of La.R.S. 48:453(E) provided:

"E. Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court."
[4] On the date judgment in this case was rendered, La.C.C. art. 2924 provided for 12% interest on all judgments rendered on and after September 11, 1981. See Act 458 of 1984, infra.