STOKER, Judge.
The sole issue in this appeal by defendants Evan D. Brown, Protective Insurance Company and Yellow Freight Systems, Inc. is whether the trial court erred under LSA-C.C. art. 2924, in awarding judicial interest on a judgment for damages in favor of plaintiff, Patrick S. Matthias, at the rate of 12%. The suit was filed on March 20,1987, and a final judgment was rendered on April *496 14, 1988. Payment of the judgment was tendered on January 8, 1990.
The defendants contend the correct rate under LSA-C.C. art. 2924 is as follows:
3/20/87 through 12/31/88 at 12%
1/1/88 through 12/31/88 at 9.75%
1/1/89 through 1/8/90 at 11.5%
The defendants further pray that the trial court should be directed to order the judgment in plaintiff’s favor be cancelled on the official records as they have tendered, and plaintiff has accepted, payment of interest calculated on this basis.
Plaintiff argues that 12% is the correct rate since it was the judicial interest rate applicable at the time the suit was filed. Plaintiff urges that any subsequent amendments to LSA-C.C. art. 2924 should not be given retroactive effect.
OPINION
LSA-C.C. art. 2924 states in pertinent part:
“Art. 2924. Rates of legal and conventional interest; usury
A. Interest is either legal or conventional.
B. (1) Legal interest is fixed at the following rates, to wit:
(a) At the rate fixed in Subparagraph (3) of this Paragraph on all sums which are the object of a judicial demand, whence this is called judicial interest; and
(b) On sums discounted at banks at the rate established by their charters.
(2) The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows:
(a) Prior to September 12, 1980, the rate shall be seven percent per annum.
(b) On and after September 12, 1980, until September 11, 1981, the rate shall be ten percent per annum.
(c) On and after September 11, 1981, until January 1, 1988, the rate shall be twelve percent per annum.
(3)(a) On and after January 1, 1988, the rate shall be equal to the rate as published annually, as set forth below, by the commissioner of financial institutions. The commissioner of financial institutions shall compute, on the first day of October of each year, the prime or reference rate by taking the average of the prime or reference rates established by Chase Manhattan Bank, N.A., Citibank, N.A., Morgan Guaranty Trust Company of New York, Manufacturers Hanover Trust Company, and Bank of America National Trust and Savings Association for their most favored corporate clients. The prime or reference rates used in this calculation shall be obtained no later than the seventh day of October. The effective judicial interest rate for the calendar year following the calculation date shall be one percentage point above the average prime or reference rate of the five financial institutions named in this Subparagraph.
(b) The judicial interest rate for the calendar year following the calculation date shall be published in the December issue of the Louisiana Bar Journal, the December issue of the Louisiana Register, and in one daily newspaper of general circulation in each of the cities of Alexandria, Baton Rouge, Lake Charles, Lafayette, Monroe, New Orleans, and Shreveport. The notice in the daily newspapers shall be published on two separate occasions, with at least one week between publications, during the month of December. The publication in the Louisiana Register shall not be considered rulemaking, within the intendment of the Administrative Procedure Act, R.S. 49:950 et seq., and particularly R.S. 49:953.
(c) Notwithstanding the provisions of this Article, at no time shall the judicial interest rate be greater than fourteen percent per annum or less than seven percent per annum. Depending on when the judgment rendered in connection therewith is satisfied or extinguished, such lawsuit may have more than one rate of judicial interest apply.
(4) If the method of computing the judicial interest rate in accordance with Subparagraph (3) is held invalid or if for *497 any reason the rate cannot be effectively computed in accordance therewith, then the rate shall be twelve percent per an-num.”
Section B(3)(c) of Article 2924, added by Acts 1987, No. 883 (effective September 1, 1987), makes it clear that a judgment may have more than one applicable rate of judicial interest. (As noted below, this provision was further clarified in 1989.) Other cases have awarded a fluctuating rate of interest. See New Orleans v. United Gas Pipe Line Co., 517 So.2d 145 (La.App. 4th Cir.1987), cert. denied, 488 U.S. 917, 109 S.Ct. 273, 102 L.Ed.2d 262 (1988); LeJeune v. J.W. Cappel Trust, 405 So.2d 647 (La.App. 3d Cir.1981); Dyna International Corp. v. Mashburn, 397 So.2d 1080 (La.App. 4th Cir.1981).
Plaintiff argues that this court’s opinion in Hargroder v. Protective Life Insurance Co., 556 So.2d 991 (La.App. 3d Cir.), writ denied, 559 So.2d 1367 (La.1990) stands for the proposition that only the judicial interest rate effective at the time the suit was filed should be applied. However, in Har-groder the same rate was in effect from the time of filing to the time .final judgment was rendered and that was the rate awarded. Although a different rate may have applied during pendency of the appeal or thereafter, that issue was neither raised nor considered on appeal.
However, in this case the issue is before us, and we find that any fluctuation in the judicial interest rate, as provided in Article 2924, should be taken into account and applied until the judgment is extinguished or satisfied, since interest is due on a judgment until it is paid. We see no logical reason to apply a fluctuating interest rate only until a final judgment is rendered by the trial court, as argued by the defendants, instead of until the judgment is paid.
For this reason, we disagree in that respect with Auger v. Auger, 434 So.2d 492 (La.App. 2d Cir.1983). The court in the Auger case construed the word “pending” in Article 2924 to mean that a suit ceases to be pending when a judgment becomes final. On the contrary, we conclude, and so hold, that an appealed suit is in the process of adjustment and thus the word “pending” should be given a broader construction. Moreover, after the Auger case was decided, the text of Article 2924 was modified in 1987 by the addition of Section B(3)(c) as we shall discuss below. Further, this section was again amended in 1989 to clarify that interest fluctuation shall continue until the judgment is satisfied or extinguished. Acts 1989, No. 52.
The language of Article 2924B(3)(c) now clearly provides for the imposition of a fluctuating rate beyond the time the final judgment is rendered by the trial court: “Depending on when the judgment rendered in connection therewith is satisfied or extinguished, such lawsuit may have more than one rate of judicial interest apply”. Therefore, the fact that the judgment in Hargroder failed to extend application of a fluctuating rate of judicial interest, in accordance with Article 2924, beyond the rendition of the trial court’s final judgment, should not be taken as authority for the argument that the rate ceases to fluctuate at the time final judgment is rendered.
After studying Sections B(2) and B(3)(c) in pari materia, we conclude that Section B(3)(c) modifies Section B(2). Section B(2) applied the fluctuating interest rate to lawsuits filed or pending during the listed rate periods. Section B(3)(c) was enacted subsequent to Section B(2); therefore, Section B(3)(c) legislatively extended the application of the fluctuating legal interest rates until the judgment is satisfied or extinguished. See LSA-C.C. art. 8 and art. 13; Rue Lafayette Mortgage Corp. v. Wenger, 366 So.2d 1059 (La.App. 1st Cir.1978).
Finally, plaintiff argues that application of fluctuating interest rates would violate the general rule against retroactive application of substantive laws. LSA-C.C. art. 6. We disagree. The fluctuating rates are to be applied prospectively only for the duration of the periods specified within Article 2924. Application of the 12% interest rate beyond December 31, 1987 would directly contravene the explicit language of Article 2924 in Sections (B)(2)(c) and (B)(3)(a). Of course, it is settled that the amendments to *498 LSA-C.C. art. 2924 are given retroactive effect to the extent that they provide for the fluctuating rate of interest. Friedmann v. Landa, 573 So.2d 1255 (La.App. 4th Cir.1991); Auger v. Auger, supra.
Therefore, we hold that the trial judge erred as a matter of law in applying a judicial interest rate of 12% to the judgment from the date of judicial demand until paid. The legal interest rate shall be adjusted to accord with the rates applicable until the judgment is satisfied, as set forth in LSA-C.C. art. 2924.
CONCLUSION
For the reasons given, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with the ruling set forth in this opinion. Costs of this appeal are assessed one-half to defendants-appellants and one-half to plaintiff-appellee.
REVERSED and REMANDED.