DOUCET, Judge.
This appeal arises from a trial court judgment which awarded additional legal interest and attorney’s fees to the defendant landowners and against the expropriating authorities in connection with an expropriation proceeding.
This is the third appeal taken in this matter since the institution of the expropriation order of July 5, 1983. The questions before us are legal questions and do not deal with questions of fact. A narrative of the undisputed facts leading to this appeal are necessary in order to understand the legal questions presented for our review.
The Department of Transportation and Development (DOTD) deposited $48,700.00 into the registry of the court on July 7, 1983 in connection with the expropriation proceeding filed two days earlier. A jury trial was eventually held in 1987 on the issue of damages. Damages and compensation were awarded to the landowners, Leonard and Guinevere Dietrich, and their son, Roger, in excess of the amount deposited, along with legal interest and 25% attorney’s fees. DOTD appealed to this court and judgment was rendered on May 24, 1989. See State, DOTD v. Dietrich, 544 So.2d 675 (La.App. 3 Cir.1989). Thereafter, the Louisiana Supreme Court granted a writ of certiorari. Their decree, which became final on March 8, 1990, awarded a total of $436,014.00 to the Dietrichs. Additionally, the decree included an award of legal interest and 25% attorney’s fees on all damages in excess of the deposit. State, DOTD v. Dietrich, 555 So.2d 1355 (La.1990). After subtraction of the $48,-700.00 previously deposited, the damage award totalled $387,314.00.
On April 30, 1990, DOTD deposited $96,-828.50 into the registry of the district court. Plaintiff calculated this figure as 25% of $387,314.00 as the proper amount to satisfy the award of attorney’s fees. On May 10, 1990, DOTD deposited $538,133.01 into the registry of the court designating $387,314.00 as payment of compensation mandated by the Louisiana Supreme Court, and designating $150,819.01 as interest owed on the principal compensation.
The Dietrichs filed two rules which were consolidated and heard on May 30, 1990. The Dietrichs successfully argued that the attorney’s fees should have been calculated at 25% of the compensation award, less the previous deposit of $48,700.00 ($387,314.00), plus legal interest, rather than 25% of $387,-314.00 alone. The Dietrichs were also successful in arguing that the DOTD erroneous *636 ly calculated the legal interest accrual period and interest rate. The trial court entered judgment in favor of the Dietrichs on August 7,1990, awarding legal interest from the date of the taking to May 18, 1990, and set legal interest at 12% until paid.
DOTD appealed the trial court’s judgment to this court. On April 16,1992, we rendered judgment affirming the district court on all issues. See State, DOTD v. Dietrich, 598 So.2d 649 (La.App. 3 Cir.1992).
On June 16, 1992, DOTD deposited $168,-285.28 into the court registry as supplemental interest on $387,314.00 at 12% from the date of the taking (July 7, 1983) to May 16, 1990 as satisfaction of the judgment rendered August 7, 1990. DOTD also made an additional deposit on June 16, 1992 of $79,776.07 as attorney’s fees. This amount represented 25% of $706,418.29 ($387,314.00 plus legal interest payments of $150,819.01 and $168,-285.28) less $96,828.50 attorney’s fees previously paid on April 30, 1990. Defendants withdrew the deposited amount from the court registry with full reservation of their rights to seek additional compensation from DOTD. The defendants filed a “Rule to Fix Additional Compensation, Damages and Attorney’s Fees” in which they alleged that legal interest was due on all additional damages awarded “until paid.” The Dietrichs specifically urged that DOTD erred in calculating interest only through May 16, 1990. Defendants asserted they were also entitled to 25% attorney’s fees on all increased awards including unpaid accrued interest from May 16, 1990.
The trial court rendered judgment on August 4, 1992, awarding the defendants $41,-718.82, representing legal interest at 12% on $168,285.18 from May 16, 1990 until June 9, 1992. The trial court further ordered that the award of $41,718.82 bear interest at 12% from June 9, 1992, until paid. Additionally, the trial court awarded 25% attorney’s fees on all additional interest from May 16, 1990 until paid. DOTD appeals.

LEGAL INTEREST AS PART OF “JUST COMPENSATION”

DOTD first argues that there is no legal basis for the trial court’s award of additional legal interest. DOTD urges that legal interest is an accessory award in expropriation cases. Plaintiff avers that once the excess compensation has been paid, legal interest cannot continue to accrue. Since DOTD deposited the full amount of excess compensation of $387,314.00 on May 16, 1990, plus a designated amount intending to fully satisfy the legal interest payment due at that time, DOTD asserts that legal interest cannot accrue past May 16, 1990. DOTD’s position is based upon Civil Code articles 1864-1868.
The statute providing for legal interest to be awarded in an expropriation proceeding in effect at the time the proceeding was initiated provides as follows:
The judgment rendered therein shall include, as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court.
R.S. 48:455.
This statute establishes that interest is due on the amounts finally awarded in excess of the initial deposit until paid. See generally State, Through Dept. of Highways v. Tate, 355 So.2d 1087 (La.App. 3 Cir.1978).
On April 16, 1992, this court affirmed the trial court’s finding that DOTD had erroneously determined the legal interest payment due on May 16, 1990. As of May 16, 1990, additional legal interest was still due to be paid. The record reflects that DOTD deposited a supplemental legal interest payment of $168,285.28 on June 16, 1992. It is undisputed that this figure represented the supplemental legal interest due on the final award from the date of the taking to May 16, 1990. More than two years had lapsed before the supplemental interest due on May 16, 1990 was paid. Thus, interest continued to accrue on this unpaid balance during this period.
DOTD argues that since the Dietrichs did not contest DOTD’s allocation of payment of the full amount awarded by the Louisiana Supreme Court at the time of payment, the *637 Dietrichs tacitly consented to a designation of payment on the principal amount. DOTD avers that pursuant to C.C. art. 1866, interest could not accrue past May 16, 1990, the date of satisfaction of the full amount awarded. The record reveals that in addition to filing a Rule to Fix Additional Compensation, Damages and Attorney’s Fees, the Dietrichs reserved their rights to seek further compensation from DOTD in the Joint Motion and Order to Withdraw Funds from Registry of the Court on June 15, 1990. Thus, DOTD has no legal basis for its position that legal interest could not continue to run on the supplemental legal interest award owed on May 16, 1990, and not paid until June 16, 1992. DOTD essentially claims that an affirmation of the trial court judgment would be an affirmation of an award of interest on interest. We disagree. When this court’s prior ruling became final, the additional legal interest award represented part of the “just compensation” award or principle. Accordingly, the trial court did not err in awarding legal interest for the period the legal interest award remained unpaid. However, the date upon which the deposit was made, and thus upon which the accrual period ended, was June 16, 1992, not June 9, 1992 as reflected in the judgment. As a result, the judgment will be amended to reflect the correct date of June 16, 1992.

ATTORNEY’S FEES

The trial court awarded the Dietrichs 25% attorney’s fees on all additional interest from May 16, 1990 until paid. Having determined that the additional interest award was appropriate, the award of additional attorney’s fees are proper for the reasons previously assigned by this court in State, DOTD v. Dietrich, 598 So .2d 649 (La.App. 3 Cir.1992).

LEGAL INTEREST RATE

The trial court set the legal interest rate for the interest accrual period, May 16, 1990 to June 9, 1992, at 12%.
The issue of the appropriate interest rate was before us in State, DOTD v. Dietrich, 598 So.2d 649 (La.App. 3 Cir.1992), wherein DOTD argued that fluctuating interest rates provided in C.C. art. 2924 should have been applied rather than the 12% interest rate utilized by the trial court. In affirming the trial court judgment setting the legal interest rate at 12% for the interest accrual period of July 1983 to May 1990, we determined, in pertinent part, as follows:
As amended by Act 458 of 1984 and effective on the date of judgment, La. C.C. art. 2924(B)(2)(c) provided:
“B (2) The rate of judicial interest resulting from a lawsuit pending or fíled during the indicated periods shall be as follows:
(c) On and after September 11, 1981, the rate shall be twelve percent per annum.” (Emphasis added)
The trial court cited the case of Hargro-der,
[.Hargroder v. Protective Life Insurance Company, 556 So.2d 991 (La.App. 3rd Cir.1990), writ denied, 559 So.2d 1367 (La.1990),] for the proposition that “... a change of interest rates enacted after a judgment should have no effect on a judgment previously rendered”. Given the substantive nature of the post-judgment changes, we find this interpretation of Hargroder and the reasoning contained therein to be controlling on this issue. The date on which the trial court originally issued judgment ordering plaintiff to pay judicial interest should be the reference point in determining which interest provision to apply to the amount owed. This date was July 28, 1987, when the version of Article 2924 cited above was applicable. Accordingly, the 12% rate of judicial interest is applicable to the judgment.
Id. at 653.
DOTD now contends that because the trial court judgment rendered on July 28, 1987, did not become final until the 1990 Louisiana Supreme Court ruling, the amendments to C.C. art. 2924 incorporating the variable rates should apply. Additionally, plaintiff asserts this court arrived at the opposite conclusion from Dietrich, supra, in a later case, Matthias v. Brown, 599 So.2d 495 (La.App. 3 Cir.), writ denied, 604 So.2d 1005 (La.1992), and the later case should take precedence.
*638 Having rendered a decision on the legal interest rate issue in an earlier appeal in this same suit, we find “the law of the case” doctrine is applicable in reviewing the correctness of the trial judge’s award of a fixed interest rate of 12%. The applicability and purpose of this principle is enunciated in the Louisiana Supreme Court case of Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973), as follows:
The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue.
Nevertheless, the law of the case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice, (emphasis our own) (citations omitted)
Id. at 83. See also Naquin v. Air Engineered Systems & Services, 463 So.2d 992 (La.App. 3 Cir.1985).
Thus, even though Matthias held differently on the issue of the retroactivity of the amendments to C.C. art. 2924 providing fluctuating rates, our earlier holding in Dietrich is applicable. Furthermore, after reviewing the merits of this case, we cannot say the previous decision setting the fixed interest rate of 12% is palpably or manifestly erroneous. Accordingly, we decline to consider the issue again.

CONCLUSION

For the foregoing reasons the judgment of the trial court is amended to reflect the correct calculation of the legal interest award as previously directed. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED AS AMENDED.