ON REHEARING
liPER CURIAM.
In our previous opinion, the Louisiana Department of Transportation and Development was not given credit for a supplemental deposit of compensation and an attorney fee payment which was made on July 12, 1991. Both parties agree that these credits should be recognized. They further agree that the compensation deposit was $128,000.00 together with legal interest through July 12, 1991, and that the attorney fee deposit was $32,-051.00. Accordingly, we grant this rehearing for the limited purpose of recognizing the credit and modifying the judgment previously rendered.
We had previously awarded $1,013,389.00, less $219,352.00 previously deposited, or a total of $794,037.00 together with legal interest from May 21,1981. By recognition of the payment mentioned above, the net award is reduced from |2$794,037.00 to $665,833.00. Additionally, legal interest is to run from July 12,1991, instead of May 21,1981.
The attorney fee award is to be calculated on the difference between the total award and the amount deposited in the registry of the court. La.R.S. 48:453(E). Attorney fees to be awarded on compensation pursuant to La.R.S. 48:453(E) should be calculated on the aggregate sum of the excess award and interest on that amount from the date title vested in DOTD until the date of payment. See State, Dep’t of Transp. & Dev. v. Dietrich, 598 So.2d 649 (La.App. 3 Cir.1992).
AMENDED DISPOSITION
For the reasons set forth, we grant a rehearing for the limited purpose of correct *73 ing the judgment previously rendered by this court to properly credit all deposits by DOTD, including the deposit of July 12,1991. After appropriate credit is given for those deposits, judgment is rendered in favor of Albert and Lizzie H. Latiolais in the sum of $665,838.00 together with legal interest from July 12, 1991, until paid in full, and for twenty-five percent attorney fees on the sum of $794,037.00, together with legal interest from May 21,1981, less a credit of $32,051.00 paid on July 12,1991. All other provisions of the prior judgment remain in full force and effect and the motions for rehearing are denied in all other respects.
Before WOODARD and PETERS, JJ., and KNOLL,[1] J. Pro Tern.

. Justice Jeannette Theriot Knoll is sitting in this matter pursuant to an assignment by the Louisiana Supreme Court as Judge Pro Tempore of the Third Circuit Court of Appeal.